**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BOBBY SHED,

Plaintiff,

v. Case No. 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, et al.,

Defendants.

---

**ORDER**

On March 7, 2022, Plaintiff Bobby Shed, proceeding pro se, initiated this action by filing a complaint in the Northern District of Florida. (Doc. 1.) Because the Middle District was a more appropriate venue, the Magistrate Judge transferred the case and it was assigned to me. (Doc. 7.) In his order transferring the case, the Magistrate Judge noted that Shed's complaint was a so-called "shotgun" pleading because it was "vague and ambiguous" and because it "suffers from various defects, such as the inclusion of extraneous information unconnected to his claims." (Doc. 7 at 1.)

Shed then moved to amend his complaint to address its deficiencies, (Doc. 11), and I granted his motion, (Doc. 12). Shed now files an amended complaint, (Doc. 15), and moves to file electronically, (Doc. 17). Upon review, his Amended Complaint still constitutes an impermissible shotgun pleading.

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Shed attempts to bring six claims regarding retaliation and discrimination. Each of the claims are properly broken out into counts. But Counts II, IV, and V incorporate the allegations of preceding counts which renders the Amended Complaint deficient under Rules 8 and 10. (*See, e.g.*, Doc. 25 at 22 ("Plaintiff realleges and adopts the allegations stated in paragraphs 34-78."). This type of shotgun pleading is problematic because it muddles which facts go to which claims and prevents each claim from standing

on its own merit before the Court. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("By the time a reader of the pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count (according to its label), to separate the wheat from the chaff. Put plainly, shotgun pleadings unnecessarily tax the time and resources of the District Court as well as the Court of Appeals.").

Additionally, the Amended Complaint fails to identify the legal elements for many of Shed's claims and several counts include factual allegations that are not clearly connected to the legal elements of that claim. It is not at all "obvious" how Shed's various vague and conclusory allegations under each of his claims relate to the legal elements of his various claims. *See Weiland*, 792 F.3d at 1323.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to

remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds). Accordingly, the proper course of action is to strike a shotgun pleading and allow an opportunity to remedy the deficiencies. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading." (quotations and alterations omitted)). Shed had that one opportunity; he will now be permitted a second and final opportunity.

Shed also moves to file electronically. (Doc. 17.) But to receive an exemption from the general rule that pro se litigants must file paper documents with the Court, a litigant must establish that "an exemption is necessary to avoid unreasonable burdens and to promote access to information." *See Ogilvie v. Millsaps*, No. 8:15-CV-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015). Here, Shed provides no reason why he requests an exemption.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Amended Complaint (Doc. 15) is **STRICKEN**.

(2) By **August 3, 2022**, Plaintiff may file a second amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file a second amended complaint by this

deadline will result in the dismissal of this action without further notice.

(3) Plaintiff's motion to file electronically (Doc. 17) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 21, 2022.

Kathryn Kimball Mizelle
United States District Judge