UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY SHED,

    Plaintiff,

v.                                            Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____

## ORDER

On July 18, 2022, Plaintiff Bobby Shed, proceeding pro se, filed an Amended Complaint alleging various claims regarding retaliation and discrimination. (Doc. 15.) Because the complaint constituted an impermissible shotgun pleading, the Court struck it and directed Shed to file a second amended complaint by August 3, 2022. (Doc. 18.) The Court also denied his motion to file electronically.

Shed now moves for an extension of time to file his second amended complaint. (Doc. 22.) Finding good cause, the Court grants his motion for an extension of time in part. He has until August 12, 2022, to file a second amended complaint. *See* FED. R. CIV. P. 15(a)(2).

Shed also moves a second time to file electronically. (Doc. 23.) The general rule is that pro se litigants must file paper documents with the Court and must establish "that an exemption is necessary to avoid unreasonable burdens and to promote access to information." *See Ogilvie v. Millsaps*, No. 8:15-CV-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015). Unlike his first motion, Shed's second motion to file electronically includes reasons why filing electronically would be more convenient for him, including that electronic filing "should reduce costs associated with delivering documents to the Clerk's Office." But these reasons do not rise to the level of an unreasonable burden to justify an exemption. The Court notes that any member of the public can access electronic records of the federal courts by registering online with PACER.

Finally, Shed moves for clarification regarding the Court's order striking his amended complaint. He asks "[w]hich claims are without legal elements," "[w]hich factual allegations are irrelevant," and for "some examples of allegations that are vague and conclusory." Although the Court may not provide legal advice, Shed is free to consult the Middle District's resources for pro se litigants. *See* Litigants Without Lawyers, MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/litigants-without-lawyers (last visited July 29, 2022).

Accordingly, the following is **ORDERED:**

1. Plaintiff's motion for an extension to file his second amended complaint is **GRANTED-IN-PART**.

    a. By **August 12, 2022**, Plaintiff may file a second amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file a second amended complaint by this deadline will result in the dismissal of this action without further notice.

2. Plaintiff's second motion to file electronically (Doc. 23) is **DENIED**.

3. Plaintiff's motion for clarification (Doc. 24) is **RESOLVED**.

**ORDERED** in Tampa, Florida, on July 29, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge