## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BOBBY SHED,

            Plaintiff,

v.                                    Case No. 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

            Defendants.

_____

## ORDER

On March 7, 2022, Plaintiff Bobby Shed, proceeding pro se, initiated this action by filing a complaint in the Northern District of Florida. (Doc. 1.) Because the Middle District was a more appropriate venue, the Magistrate Judge transferred the case. In his order transferring the case, the Magistrate Judge noted that Mr. Shed's complaint was a so-called "shotgun" pleading because it was "vague and ambiguous" and because it "suffers from various defects, such as the inclusion of extraneous information unconnected to his claims." (Doc. 7 at 1.)

Mr. Shed then moved to amend his complaint to address its deficiencies, (Doc. 11), and the Court granted his motion. (Doc. 12). Mr. Shed filed an amended complaint, (Doc. 15), which the Court struck as a shotgun pleading. (Doc. 18). He then moved for additional time to file another amended complaint, (Doc. 22), which the Court also granted in part. (Doc. 26). He now files a Second Amended Complaint, (Doc. 28), and an objection to the Court's earlier order striking his complaint. Upon review, his Second Amended Complaint still constitutes an impermissible shotgun pleading. Accordingly, the Court now dismisses Mr. Shed's complaint without prejudice, giving him one last chance to correct

mistakes.

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Like his first two complaints, here, Mr. Shed attempts to bring claims regarding retaliation and discrimination. Unlike his first two complaints, none of the counts improperly incorporate allegations of preceding counts.

But the Second Amended Complaint is still "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Weiland*, 792 F.3d at 1322. The complaint spans sixty-four pages and 219 paragraphs, many of which repeat the exact same seemingly irrelevant allegations already alleged in paragraphs in previous counts. (*Compare* Doc. 28 ¶ 24–73 *with* Doc. 28 ¶ 148–197). Mr. Shed seems to allege various retaliatory acts by the

university for various allegedly protected acts he took, including accessing accommodations for a disability, complaining about an incident with campus police, and filing a whistleblower complaint. But these allegations are all included in each of the first three counts and it is not clear which acts are related to which claims of retaliation. Put plainly, it is still not at all "obvious" how Mr. Shed's various vague and conclusory allegations under each of his claims relate to the legal elements of his various claims. *See Weiland*, 792 F.3d at 1323.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds). Accordingly, the proper course of action is to strike a shotgun pleading and allow an opportunity to remedy the deficiencies. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading." (quotations and alterations omitted)).

Mr. Shed also filed a document objecting to the Court's previous order

striking his complaint. He seems to argue that because he is a pro se plaintiff, the Court should hold his pleading to a less stringent standard. He is correct. The Court does "construe *pro se* pleadings liberally," but it nonetheless has "little tolerance for shotgun pleadings." *See Arrington*, 757 Fed. App'x at 797 (quotations omitted). The Court has granted Mr. Shed leave twice to amend his complaint and both this Court and the previous Magistrate Judge explained that his complaint was full of vague allegations and extraneous information unrelated to his claims. Yet, after those two opportunities, he still fails to comply with the Federal Rules. He may try one more time only.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Second Amended Complaint (Doc. 28) is **DISMISSED WITHOUT PREJUDICE**.

(2) By **September 16, 2022,** Plaintiff may file a third (and final) amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in dismissal of the action without further notice.

**DONE AND ORDERED** at Tampa, Florida, on August 18, 2022.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of record

4