UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY SHED,

    Plaintiff,

v.                                              Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____

## ORDER

On March 7, 2022, Plaintiff Bobby Shed, proceeding pro se, initiated this action by filing a complaint in the Northern District of Florida. (Doc. 1.) Because the Middle District was a more appropriate venue, the Magistrate Judge transferred the case and it was assigned to Judge Mizelle. (Doc. 7.) In his order transferring the case, the Magistrate Judge noted that Mr. Shed's complaint was a so-called "shotgun" pleading because it was "vague and ambiguous" and because it "suffers from various defects, such as the inclusion of extraneous information unconnected to his claims." (Doc. 7 at 1.)

Mr. Shed has since been allowed several opportunities to amend his complaint to address its deficiencies, (Doc. 12; Doc. 18), but because his complaint still suffered from the same deficiencies, the Court dismissed each one. Mr. Shed then filed various motions and objections to the Court's orders, (Doc. 24; Doc. 27), which the Court resolved, (Doc. 26; Doc. 29).

Most recently, the Court dismissed Mr. Shed's Second Amended Complaint, explaining that it was "replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action." (Doc. 29) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)). The Court then gave him one month to file a third (and final) amended complaint. He now files three motions, asking for extension and clarification.

    Mr. Shed first moves for an extension of time to file his third amended complaint. (Doc. 32.) Finding good cause, the Court grants his motion for an extension of time in part. He has until September 30, 2022, to file a third amended complaint. *See* FED. R. CIV. P. 15(a)(2).

    Second, Mr. Shed moves for clarification regarding which judge is assigned to his case. (Doc. 31.) This case was assigned to Judge Mizelle on June 15, 2022. (Doc. 9.) However, with the presiding judge's consent, any district judge can enter an order in any case. This flexibility is necessary to efficiently manage caseloads in one of the busiest dockets in the United States.

    Finally, Mr. Shed moves for clarification regarding the Court's order dimissing his amended complaint. (Doc. 30.) He asks whether it is "permissible for the same set of facts to support various claims for relief within a complaint" or "to support similar claims for relief based on different injuries," and "[w]hat consideration . . . this Honorable Court give[s] to evidence." He also asks, as he did in his last motion for clarification, for examples of vague, conclusory, or immaterial facts. As the Court explained in its previous order, (Doc. 26), the Court may not provide legal advice. But Mr. Shed is free to consult the Middle District's resources for pro se litigants. *See* Litigants Without Lawyers, MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/litigants-without-lawyers (last visited August 31, 2022).

Accordingly, the following is **ORDERED:**

1. Plaintiff's motion for an extension to file his second amended complaint, (Doc. 32), is **GRANTED-IN-PART**.

    a. By **September 30, 2022**, Plaintiff may file a third (and final) amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file a second amended complaint by this deadline will result in the dismissal of this action without further notice.

2. Plaintiff's motion for clarification concerning the Presiding Judge, (Doc. 31), is **GRANTED**.

3. Plaintiff's motion for clarification concerning the Court's Order, (Doc. 30), is **GRANTED-IN-PART.**

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2020.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Plaintiff, *pro se*