## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BOBBY SHED,**

      **Plaintiff,**

**v.**                                 **CASE NO. 8:22-cv-01327-KKM-TGW**

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, PROVOST
DWAYNE SMITH, in his official and
individual capacities, et al.,**

      **Defendants.**

_____/

## DEFENDANTS' MOTION TO DISMISS
## FIFTH AMENDED COMPLAINT AND TO STRIKE

Defendants University of Florida Board of Trustees ("USFBOT"), Provost Dwayne Smith ("Smith"), Attorney Camille Blake ("Blake"), Joanne Adamchak ("Adamchak"), Deborah McCarthy ("McCarthy"), Dean Moez Limayem ("Limayem"), Associate Dean Jacqueline Reck ("Reck"), Professor Jianping Qi ("Qi"), Professor Ninon Sutton ("Sutton), Professor Scott Besley ("Besley"), and Professor Murat Munkin ("Munkin"), by and through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss the Fifth Amended Complaint and Demand for Jury Trial [Doc. 58] for

failure to state claims upon which relief can be granted.  Defendants further move, pursuant to Fed.R.Civ.P. 12(f), to strike plaintiff's prayers for punitive and liquidated damages.  The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

## I.

## SUPPORTING MEMORANDUM OF LAW

### A.   Legal Standard

Under Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint should be dismissed if it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007).  A court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly,* 127 S.Ct. at 1966; *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Oxford Asset Mgmt. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2022) ("[c]onclusory

*ACTIVE 686239043v1*

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

In addition, the facts in support of the elements of a claim must cross the line "between the factually neutral and the factually suggestive." *Twombly*, 127 S. Ct. at 1966.  If a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.  "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief." *Id.* at 1950.

"While the pleadings of *pro se* litigants are 'liberally construed' …, they still must comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie County School Board*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (citation omitted) (applying the pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).

*ACTIVE 686239043v1*

**B.**    <u>**Counts I and III Should Be Dismissed**</u>

**1.**   <u>**Counts I And III are barred by Eleventh Amendment immunity.**</u>

In Count I, Shed attempts to assert a claim against USFBOT pursuant to 42 U.S.C. § 1981.  In Count III, Shed attempts to assert a claim against defendant Munkin in his official capacity[1] pursuant to 42 U.S.C. § 1983.  Both claims are barred by sovereign immunity.

The Eleventh Amendment bars suits against a state or its agencies absent waiver or Congress' legitimate exercise of its power to abrogate that immunity. *Welch v. Texas Dep't. of Highways & Public Transp.*, 483 U.S. 468, 472 (1987).  The Boards of Trustees of Florida's state universities are "arms of the State of Florida." *Univ. of S. Fla. Bd. of Trustees v. CoMentis*, 861 F.3d 1234, 1237 (11th Cir. 2017).

Congress has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. § 1983.  *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).  Moreover, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to Section

---

[1] Where an arm of the state is entitled to Eleventh Amendment sovereign immunity, that immunity also extends to claims against its officials in their official capacities.  *Melton v. Abston*, 841 F.3d 1207, 1233 (11th Cir. 2016).

*ACTIVE 686239043v1*

1983.  *Gamble v. Florida Dep't of Health & Rehab. Serv.,* 779 F.2d 1509 (11th Cir. 1986).

Similarly, Congress has not abrogated states' immunity from Section 1981 claims.  *Henry v. Harkness,* 701 Fed. Appx. 878, 880 (11th Cir. 2017).  Moreover, Florida has not waived its sovereign immunity for claims under Section 1981. *Henry v. Harkness, supra* at 880.

## 2.  Shed has failed to plead entitlement to injunctive relief.

The *Ex Parte Young* doctrine creates a narrow exception to Eleventh Amendment immunity and allows federal courts to "grant[ ] prospective injunctive relief to prevent a continuing violation of federal law."  *Green v. Mansour,* 474 U.S. 64, 68 (1985).

Count I of Shed's Fifth Amended Complaint seeks an "injunction against USF stating that USF violated 42 U.S.C. Section 1981 [and] an injunction preventing USF from continued violations of 42 U.S.C. Section 1981."  [Doc. 58, p. 10].  Count III seeks "an injunction against USF stating that USF violated the Fourteenth Amendment of the United State Constitution [and] an injunction preventing USF from continued violations of the Fourteenth Amendment of the United States Constitution."  [Doc. 58, pp. 22-3].

The *Ex Parte Young* exception applies only in "suits seeking declaratory and injunctive relief against state officers in their individual capacities," *Idaho v. Coeur d' Alene Tribe*, 521 U.S. 261, 269 (1997), and "has no application in suits against the states and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Therefore, the *Young* exception does not apply to Counts I and III because USFBOT is a state entity and not an "individual." *See Seminole Tribe of Fla. v. Fla. Dep't of Revenue*, 750 F.3d 1238, 1243 (11th Cir. 2014) (citation omitted) ("Florida, an unconsenting State, is immune from suit regardless of the nature of the relief sought").

Moreover, the "*Ex Parte Young* doctrine requires the allegation of an ongoing and continuous violation of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999). To determine whether the *Ex Parte Young* doctrine applies, courts "need only conduct a 'straight forward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002), *quoting Coeur d' Alene Tribe,* 521 U.S. at 296 (O'Connor, J., concurring). When a plaintiff has alleged "only a single, past statutory violation

and does not assert any likelihood that he will be subjected to a similar violation in the future," he does not have standing to seek prospective relief allowed under *Ex Parte Young. Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5th Cir. 1996).

Counts I and III of Shed's Fifth Amended Complaint fail to allege any facts demonstrating an ongoing violation of federal law or a likelihood that Shed will be subjected in the future to a withholding of funding, a denial of academic accommodation or to a more difficult examination by USFBOT.[2] Counts I and III therefore fail to meet the narrow exception created by *Ex Parte Young*.

In short, Counts I and III are barred by Eleventh Amendment sovereign immunity and should be dismissed with prejudice. *Pinkston v. Univ. of S. Fla. Bd. of Trustees,* 2016 U.S. Dist. LEXIS 75359 (M.D. Fla. June 9, 2016); *DeBose v. Univ. of South Fla.,* 178 F.Supp. 3d 1258, 1267 (M.D. Fla. 2016).

---

[2] In Paragraph Nos. 75 and 76 of his Fifth Amended Complaint, Shed alleges that he faces "a real and immediate threat of present and future harm" as the result of the recent allegedly improper disclosure of his "personally identifiable" information. The Fifth Amended Complaint contains no facts --- as opposed to conclusory assertions --- demonstrating that Shed will be subjected to future harm. It also fails to allege any facts demonstrating a causal link between his alleged protected activity in 2018 and 2019 and the purported disclosure of his personally identifiable information in February 2023.

### 3.  <u>USFBOT is not a "person" under Section 1983.</u>

USFBOT cannot be sued pursuant to Section 1981 because "Section 1983 constitutes the exclusive remedy against state actors for violations of Section 1981."  *Butts v. County of Volusia,* 222 F.3d 891 (11th Cir. 2000); *see also Baker v. Birmingham Bd. of Education,* 531 F.3d 1336, 1337 (11th Cir. 2008).

However, Section 1983 only permits actions against "persons."  A state or a state agency is not a "person" within the meaning of Section 1983.  *Will v. S. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are "persons" under Section 1983").[3]

As discussed above, USFBOT is an agency or a subdivision of the State of Florida.  Therefore, it is not a "person" subject to suit under Section 1983.  *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995).  For that reason as well, Counts I and III should be dismissed.

---

[3] In *Will*, the Supreme Court's analysis of Section 1983 was separate from an Eleventh Amendment analysis.  *Will*, 491 U.S. at 66 ("the scope of the Eleventh Amendment and the scope of Section 1983 are separate issues).  In fact, in *Will*, the Supreme Court decided that a state was not a "person" under Section 1983 in a context where the Eleventh Amendment did not apply.  *Id* at 63-64.

*ACTIVE 686239043v1*

**4.   Counts I and III fail to plead a policy or custom.**

To sustain his Section 1983 claim against Munkin in his official capacity, Shed must allege that the injuries he allegedly suffered were caused by a "policy or custom, whether made by [USFBOT], or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 694 (1978). [4]

Counts I and III of Shed's Fifth Amended Complaint contain conclusory allegations that Dean Reck or Professor Munkin "is a university official whose edicts, words, or acts may fairly be said to represent official policy, practices or customs of USF."   [Doc. 58, ¶¶ 31, 69(f)].   These threadbare allegations fail to address whether these individuals' decisions are constrained by USFBOT policies or are subject to review.   *See Matthews v. Columbia County,* 294 F.3d 1294, 1297 (11th Cir. 2002) ("Local government liability can exist when someone with final policymaking authority delegates that authority to someone else.   But, the delegation must be such that the decision is not subject to review by the policymaking authority"); *Mandel v. Doe,* 888 F.2d 783, 792 (11th Cir. 1989) (citations omitted) ("The mere delegation of authority to a subordinate to exercise

---

[4] The same is true under Section 1981.  *See Jett v. Dallas Independent Sch. Dist.,* 491 U.S. 701, 735-36 (1989); *Butts v. County of Volusia, supra.*

discretion is not sufficient to give the subordinate policymaking authority.  Rather, the delegation must be such that the subordinate's discretionary decisions are not constrained by official policies and are not subject to review").

Counts I and III of Shed's Fifth Amended Complaint contain only formulaic and conclusory assertions regarding policy or custom.  Therefore, they should be dismissed.  *See, e.g. Grider v. Cook*, 522 Fed. Appx. 544, 547-48 (11th Cir. 2013) (affirming dismissal of Section 1983 claim because plaintiff did not provide any specific facts about a policy or custom but only provided a formulaic policy or custom claim); *Greene v. Dixon*, 2022 U.S. Dist. LEXIS 171905, at *8 (M.D. Fla. Sept. 21, 2022) ("conclusory allegations of a policy or custom will not suffice").

**C.   Count II Should Be Dismissed for Failure to Allege A *Prima Facie* Case**

Count II of the Fifth Amended Complaint attempts to allege a Title VII retaliation claim against USFBOT.  To allege a *prima facie* retaliation claim under Title VII, a plaintiff must allege, *inter alia,* that he engaged in statutorily protected expression and that he suffered an adverse employment action.  *Weeks v. Harden Manufacturing Corp.,* 291 F.3d 1307, 1311 (11th Cir. 2002).

To establish that he engaged in statutorily protected expression, a plaintiff must show that he had a good faith, reasonable belief that the employer engaged

*ACTIVE 686239043v1*

in unlawful *employment* practices.  *Id.* at 1311.  Therefore, Title VII retaliation claims are not cognizable where an employee's opposition was directed at a practice of the employer that is not an employment practice.  *See Brown v. Hillsborough County School Board,* 2018 U.S. Dist. LEXIS 236552, at *13-14 (M.D. Fla. Mar. 5, 2018) (reporting a perceived wrong being done to a minority student was not protected activity under Title VII); *see also Bakhtiari v. Lutz,* 507 F.3d 1132, 1137-8 (8th Cir. 2007) ("Here, Bakhtiari made complaints about UMR as a university, not about UMR as an employer.  Title VII simply does not protect this conduct"); *Wimmer v. Suffolk County Police Dep't,* 176 F.3d 125, 135-136 (2d Cir. 1999) (plaintiff's reports of his fellow police officers' discriminatory treatment of minority citizens was not protected activity until Title VII because it did not involve racial discrimination in the context of an employment decision); *Hawkins v. Holy Family Cristo Rey Catholic High School,* 2018 U.S. Dist. LEXIS 204879, at *8-9 (N.D. Ala. Dec. 4, 2018) ("Ms. Hawkins' complaints to Father Chalmers and Ms. Quyk about teachers' alleged discriminatory treatment of students 'in no way indicts any employment practice of [Holy Family]'") (citation omitted).

Shed alleges in Paragraph Nos. 40(a) and 40(b) of his Fifth Amended Complaint that his alleged protected activity was a September 1, 2019 complaint

about the USF police department's disparate issuance of citations to black people. This activity did not involve opposition to an unlawful employment practice, and therefore does not constitute protected activity under Title VII. Therefore, to the extent it relies upon those allegations, Count II fails to state a claim.

To the extent that Shed's retaliation claim is premised upon his alleged complaints of retaliation [Doc. 58, ¶ 40(c)], it also fails to state a claim. "[W]hen a Title VII plaintiff has a 'dual role' as a student and employee, the plaintiff must allege an adverse action that relates only to his status as an employee to survive a motion to dismiss." *Alberti v. Rector & Visitors of the University of Virginia,* 2021 U.S. Dist. LEXIS 236350 at *9 (W.D. Va. Dec. 9, 2021); *see also Bucklen v. Rensselaer Polytechnic Institute,* 166 F.Supp. 2d 721, 725 (N.D.N.Y. 2001) (refusing to "extend the parameters of Title VII to encompass purely academic decisions, such as the testing and qualification of doctoral students, that have only a tangential effect on one's status as an employee"); *Stewart v. Morgan State University,* 46 F.Supp. 3d 590, 596 (D. Md. 2014), *aff'd.,* 606 Fed. Appx. 48 (4th Cir. 2015); *Stilley v. University of Pittsburgh,* 968 F.Supp. 252, 261 (W.D. Pa. 1996).

Here, the adverse actions complained of by Shed in Paragraph Nos. 42 and 43 of the Fifth Amended Complaint --- dismissal from the USF Ph.D. Finance

program and from the USF Graduate School --- do not relate solely to Shed's status as an employee.  Therefore, Count II fails to allege an adverse employment action, as required to allege a *prima facie* case of Title VII retaliation.

**D.    Counts IV and V Fail to State A Claim**

In Count IV, Shed attempts to allege a Title VII discrimination claim against USFBOT.  In Count V, Shed attempts to assert a Florida whistleblower claim against all defendants.

To state a *prima facie* claim of Title VII discrimination, a plaintiff must allege that he suffered an adverse employment action.  *Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019).

The Florida Whistleblower's Act prohibits a public employer from dismissing, disciplining, or taking any other adverse personnel action against an employee for engaging in protected whistleblower activity.  Section 112.3187 (4)(a), *Florida Statutes.*  The Act defines an "adverse personnel action" as "the discharge, suspension, transfer, or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment…."  Section 112.3187(3)(c), *Florida Statutes.*

Counts IV and V of Shed's Fifth Amended Complaint allege that USF's Office of Diversity Equity and Inclusion failed to properly handle Shed's internal complaints.  The improper handling of an internal complaint does not constitute an adverse employment action.  *Everson v. Coca-Cola Co.*, 241 Fed. Appx. 652 (11th Cir. 2007) (employer's alleged failure to timely respond to employee's internal complaints did not constitute an adverse employment action).[5]  Therefore, Counts IV and V fail to state a claim.

**E.**     **The Official Capacity Claims In Count V Should Be Dismissed**

In Count V, Shed asserts a Florida whistleblower retaliation claim against all defendants in their official capacities.

"Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (citation omitted).  Shed's official capacity claims in Count V, which are redundant to his whistleblower claim against USFBOT, should be dismissed.  *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir.

---

[5] *See also Nielsen v. Pinellas County*, 2011 U.S. Dist. LEXIS 39570, at *22 (M.D. Fla. Apr. 12, 2011) (requiring plaintiff to pursue a grievance through the EEOC instead of internal complaint procedures was not an adverse employment action); *Coffman v. Alvin Community College*, 642 Fed. Appx. 472, 479 (5th Cir. 2016) ("denial of access to an internal grievance process does not constitute an adverse employment action").

1991).  *See also DeArmas v. Ross,* 680 So. 2d 1130 (Fla. 3d DCA 1996) (affirming

dismissal of Florida whistleblower claims against officers in their official

capacities).

**F.    Count VI Fails To State A Plausible First Amendment Claim[6]**

In Count VI of the Fifth Amended Complaint, Shed alleges that his public

records requests to USF were responded to by USF Attorney Adamchak, to whom

Shed had not directed the requests, even though she was not the custodian of any

of the records sought by Shed.  [Doc. 58, ¶¶ 125-129].  Shed alleges that these

actions violated his rights under the First Amendment, "which protects free

speech, political speech, and the right to petition the government (even for

records)."  [Doc. 58, ¶ 132].

"'There is no constitutional right to have access to particular government

information, or to require openness from the bureaucracy."  *Houchins v. KQED,*

*Inc.,* 438 U.S. 1, 14 (1978) (internal citation omitted).  In other words, "[t]he

Constitution itself is [not] a Freedom of Information Act[.]  *Id.; see also Begay v.*

*National Archives & Records Administration,* 2021 U.S. Dist. LEXIS 192542 (D.D.C.

---

[6] The Fifth Amended Complaint does not specify whether Count VI is directed at Adamchak in her individual or official capacity.  However, Shed's policy or custom allegation in Paragraph No. 133(c) suggests that the claim is being brought against Adamchak in her official capacity.

Oct. 6, 2021) (rejecting First Amendment claim based on the alleged failure to release records that plaintiff requested under the Freedom of Information Act, stating: "but that allegation does not implicate the First Amendment…. Thus, Plaintiff's claim is a statutory one about whether he is entitled to all of the records he requested, not a constitutional one about his right to petition the government").

Count VI, which is based upon Adamchak's handling of Shed's public records requests, fails to state a claim for violation of the First Amendment. Therefore, it should be dismissed.

## G.   Count VII Fails To State a Claim

Count VII of Shed's Fifth Amended Complaint attempts to assert a Fifth Amendment due process claim against Provost Smith, apparently in his individual capacity.   Shed alleges that he "had a procedural due process interest and a property rights due process interest in receiving a graduate diploma."   [Doc. 58, ¶ 141].   He alleges that Provost Smith violated his right to due process by "truncat[ing] and authenticat[ing] [Shed's] time to submit a grievance" challenging his academic dismissal[7] from the USF graduate school.   [Doc. 58, ¶ 139].

---

[7] *See* Fifth Amended Complaint, ¶ 45(a).

16

"[T]he mere failure to follow state procedures does not necessarily rise to the level of a violation of federal procedural due process rights." *Maddox v. Stephens,* 727 F.3d 1109, 1124 n. 15 (11th Cir. 2013). In *McKinney v. Pate,* 20 F.3d 1550 (11th Cir. 2014) (*en banc*), the Eleventh Circuit ruled that a Section 1983 procedural due process claim is actionable only when inadequate state procedures exist to remedy an alleged procedural deprivation. *See also Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2007).

When determining the existence of an adequate state remedy, courts look not only to the process "employed by the board, agency or other governmental entity whose action is in question but also [to] the remedial process state courts would provide if asked." *Horton v. Bd. of Cnty Comm'rs,* 202 F.3d 1297, 1300 (11th Cir. 2000). Mandamus and certiorari are adequate state remedies. *Cotton v. Jackson, supra* at 1331-33. Both remedies were available to Shed. *See, e.g. Hussey v. University of Florida Board of Trustees,* 226 So. 3d 1081 (Fla. 1st DCA 2017); *Louis v. University of South Florida,* 181 So. 3d 578 (Fla. 2d DCA 2016); *Rivera v. Univ of S. Fla. St. Petersburg,* 176 So. 3d 363 (Fla. 2d DCA 2015).

Because Shed's Fifth Amended Complaint fails to allege that Shed took advantage of those state remedies, he cannot claim that he was deprived of

17

procedural due process. *Cotton v. Jackson, supra* at 1331 ("[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process").

Count VIII also must be dismissed because it fails to allege that the remedies available to Shed under state law were inadequate to remedy any alleged procedural deficiency. *See Doe v. Valencia College*, 903 F.3d 1220, 1234-35 (11th Cir. 2018); *Watts v. Florida Int'l University*, 495 F.3d 1289, 1294 (11th Cir. 2007); *Brown v. Fla. Gulf Coast Univ. Bd. of Trs.*, 2019 U.S. Dist. LEXIS 80110, at *11-12 (M.D. Fla. May 13, 2019) (plaintiff's bald procedural due process allegations were insufficient to plausibly allege that defendants' actions were not subject to certiorari review in state court).

## H.   Count VIII Fails To State A Claim

In Count VIII of his Fifth Amended Complaint, Shed alleges that he received certified letters of dismissal from USF but was informed that the letters were not sent through the U.S. Postal System.  [Doc. 58, ¶¶ 145, 147].  He therefore seeks treble damages for mail tampering.  [Doc. 58, ¶¶ 148-49].

While there are federal criminal statutes prohibiting mail fraud and mail theft, federal courts have consistently refused to recognize civil claims for mail tampering. *See Durso v. Summer Brook Preserve Homeowners Ass'n.*, 641 F.Supp. 2d 1256, 1268 (M.D. Fla. 2018); *Johnson v. Champions*, 990 F. Supp. 2d 1226, 1246 (S.D. Ala. 2014) ("federal courts have consistently refused to recognize civil claims for mail-tampering crimes").[8]  Therefore, Count VIII fails to state a claim.

Count VIII also should be dismissed because it contains no plausible allegation that any of the defendants were responsible for alleged mail tampering.

## I.    Shed's Prayers For Liquidated And Punitive Should Be Stricken

Rule 12(f) provides that the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."

The Fifth Amended Complaint seeks punitive damages against USFBOT in Counts I, III and IV for its alleged violation of Shed's rights pursuant to 42 U.S.C. §§ 1981, 1983 and Title VII.  The Fifth Amended Complaint also seeks liquidated damages against USFBOT in Counts I, II, III, and IV pursuant to Shed's claims under Title VII and Section 1983.

---

[8] *See also Brett v. Brett*, 503 Fed. Appx. 130 (3d Cir. 2012).

Shed cannot recover punitive damages on his claims because USFBOT is a governmental agency that is exempt from such damages.  *See* 42 U.S.C. § 1981a(6); *Walters v. City of Atlanta,* 803 F.2d 1135 (11th Cir. 1986) (affirming district court's instruction that jury could not award punitive damages claims against the City under Section 1981); *Houston v. Manatee County,* 2021 U.S. Dist. LEXIS 21301 (M.D. Fla. Feb. 4, 2021). Liquidated damages are also not available.  *Suarez v. School Board of Hillsborough County,* 2015 U.S. Dist. LEXIS 75071 (M.D. Fla. June 10, 2015); *Gould v. Fla. Atl. Univ. Bd. of Trustees,* 2011 U.S. Dist. LEXIS 168805 (S.D. Fla. Nov. 15, 2011); *Banyard v. McDonalds Restaurants of Wisconsin, Inc.,* 1986 U.S. Dist. LEXIS 21551 (E.D. Wis. Aug. 14, 1986) (striking prayer for liquidated damages in Section 1981 claim).

Accordingly, Shed's prayers for punitive and liquidated damages should be stricken from the Fifth Amended Complaint.

## II.

## <u>CONCLUSION</u>

For the foregoing reasons, the Fifth Amended Complaint should be dismissed for failure to state claims upon which relief can be granted.  In addition, plaintiff's prayers for punitive and liquidated damages should be stricken from

*ACTIVE 686239043v1*

the Fifth Amended Complaint.

## **LOCAL RULE 3.01(g) CERTIFICATION**

On April 11 and April 12, 2023, counsel for USFBOT sent an email correspondence to plaintiff outlining the issues addressed above and USFBOT's intent to file the instant motion.  Plaintiff opposes the relief sought herein.

Respectfully submitted,

/s/Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and will serve the foregoing by U.S. Mail and by electronic mail on the following:

Bobby Shed, *Pro Se*

21

5004 East Fowler Ave., Unit C-102
Tampa, FL  33617
shedbobby@gmail.com
BobbyShed@PM.me

/s/Richard C. McCrea, Jr.
Attorney

22