UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY SHED,

    Plaintiff,

v.                                            Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____

**ORDER**

Plaintiff Bobby Shed, proceeding pro se, sues the University of South Florida Board of Trustees and various affiliated individuals for violating his civil rights. 5th Am. Compl. (Doc. 58). Shed now moves for clarification on the deadline for his filings under Federal Rule of Civil Procedure 6, and he moves for an extension of time to file his mediation notice. Mot. for Clarification (Doc. 70); Mot. for Extension (Doc. 71). The Court grants both.

First, the motion for clarification. The Court has twice refused Shed's requests for access to the Court's electronic filing system, which means he can access filings in his case via PACER and when they are mailed to him. (Doc. 23; Doc. 26.) Because of this, Shed

requests clarification on a specific deadline—to file his mediation notice—and the Court construes the motion as one for clarification on that deadline. Federal Rule of Civil Procedure 6(d) provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Though Shed receives service by mail, by its text and binding Circuit precedent, the three-day extension only applies when a deadline is triggered by service, not for specific deadlines set by the Court. *Clements v. Fla. East Coat Ry. Co.*, 473 F.2d 668, 670 (1973).[1] For example, Defendants filed a motion to dismiss Shed's complaint. MTD (Doc. 67). Shed's deadline to respond is "twenty-one days after service of the motion." Local Rule 3.01(c). Thus, Shed will receive three extra days to file his response to that motion. But the rule does not apply to deadlines set by the Court for a specific date. Therefore, whenever the Court sets a specific date for Shed to respond (such as the dates in the Court's Case Management and Scheduling Order), he must respond by that date, not three days later. Accordingly, the deadline for Shed's amended mediation notice was April 14, 2023.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

2

Next, the motion for extension. Shed requests additional time to submit a new notice of mediation. The motion was filed prior to the expiration of the deadline, so the Court may extend the deadline for good cause. FED. R. CIV. P. 6(b)(1)(A). Thus, the motion is granted to the extent that Shed must file a mediation notice comporting with the requirements in the Court's Case Management and Scheduling Order, (Doc. 49), by April 24, 2023.

Accordingly, the following is **ORDERED:**

1. Shed's Motion for Clarification (Doc. 70) is **GRANTED.** The deadline for Shed's amended mediation notice was April 14, 2023.

2. Shed's Motion for Extension (Doc. 71) is **GRANTED.** Shed must file his mediation notice by **April 24, 2023**.

**ORDERED** in Tampa, Florida on April 17, 2023.

Kathryn Kimball Mizelle
United States District Judge