IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA
801 North Florida Avenue | Tampa, Florida 33602

BOBBY SHED,
Pro Se Plaintiff,

vs.                                CASE NO. 8:22-cv-01327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,
Provost Dwayne Smith, in his official and individual capacities,
Atty. Camille Blake, in her official and individual capacities,
Atty. Joanne Adamchak, in her official and individual capacities,
Dir. Deborah McCarthy, in her official and individual capacities,
Dean Moez Limayem, in his official and individual capacities,
Dean Jacqueline Reck, in her official and individual capacities,
Prof. Jianping Qi, in his official and individual capacities,
Prof. Ninon Sutton, in her official and individual capacities,
Prof. Scott Besley, in his official and individual capacities, and
Prof. Murat Munkin, in his official and individual capacities,
Defendants.

## Motion for Leave to File Under Seal

Comes now Pro Se Plaintiff, BOBBY SHED, (hereinafter as "Plaintiff" or "Shed") and files Motion for Leave to File Under Seal in accordance with Local Rule 1.11.

1

### I.     Description and Proposed Duration:

Pro Se Plaintiff is in receipt of documentation detailing information related to subpoenas for which Defendants submitted a motion to Quash.  Plaintiff requests permission to file the documents under seal. Plaintiff proposes that the seal lasts until the judge renders a decision on the Motions to Quash, Protective Orders, and Emergency Motion for Relief (scheduled for hearing on 16-May-2023).

### II.    Reason Sealing and Filing are Necessary

In Court Order (Doc. #76), the Court has stated: "the parties should not expect the court to consider information not reflected in the memoranda."  Plaintiff believes the information contained in the documents is compelling and would like the Court to consider it prior to ruling; however, Defendants have submitted a subpoena to Quash the information so filing under seal seems the best course of action to ensure the documents are considered before the Judge renders a decision. Partial sealing and/or redaction would not afford the Court full consideration of the documents and information contained therein.

### III. Person Authorized to Retrieve the Sealed Item

Pro Se Plaintiff, as identified below, is authorized to retrieve the Sealed Item.

### IV. Legal Memorandum

#### A. Legal Standards

The United States Supreme Court has held that [qualified work product — that is, work product that protects an attorney's factual investigations — is subject to disclosure if a party seeking discovery can show "substantial need" and that it will be unable to obtain information from other sources].

Fed.R.Civ.P 45(e)(2)(B) state if information produced in response to subpoena is subject to claims of privilege or protection, a party may "present the information under seal to the court for the district where compliance is required for a determination of the claim".

#### B. Argument

As stated, Pro Se Plaintiff is in receipt of documentation detailing information related to subpoenas for which Defendants submitted a motion to Quash. The first document is United HealthCare Student Resource's responses to Plaintiff's subpoena. It contains statements documenting that Defendants requested Plaintiff's enrollment into Health Insurance through their broker, Arthur Gallagher. It also contains statements showing that Plaintiff's Health Insurances was enrolled and then removed from Defendants' Health Insurance program subsequent to submitting a formal written complaint in good faith. The documents show that Plaintiff had not had his health insurance enrollment removed prior to said complaint.[1]

The second document is an e-mail exchange between Defendant Dean Jacquelin Reck and Defendant Attorney Joanne Adamchak dated after Plaintiff submitted a good-faith written complaint. This e-mail is relevant to my claims and subpoenas because it contains language suggesting that USF was coordinating throughout the institution to violate Plaintiff's rights unbeknownst to him, Defendants were aware of Plaintiff's complaints which contradicts statements from some Defendants, and Defendants were aware of Plaintiff's complaints and

---

[1] Plaintiff would like to also submit enrollment statements and financial statements to document that he was an enrolled student and his health insurance had been paid for at the time Plaintiff was removed from Defendants' Health Insurance program. So there is no reasonable explanation Defendants can proffer for the removal.

4

neglected to appropriately report and to provide accurate notice of specific complaint along with other vindicating evidence to Florida Commission of Human Relations investigators. Moreover, the email exchange documents that Defendant Attorney JoAnne Admachak instructed Dean Jacqueline Reck not to implicate USF General Counsel in the matters that they were covertly orchestrating, but instead Attorney JoAnne Adamchak insisted that they communicate verbally.

### C. Conclusion

Taken together the documents provide considerable evidence for direct retaliation and discrimination. They demonstrate the relevance and need of Plaintiff's subpoenas (so Defendants are not entitled to protective order and/or privilege) and they document the need to compel full compliance with subpoenas.

Plaintiff humbly asks for permission for leave to file under seal the documents containing the information briefly referenced herein for the Court's consideration. Alternatively, if leave should not be granted, Plaintiff humbly requests permission to bring and present the documents containing the information briefly referenced herein to the Hearing scheduled for the Motion for Protective Orders and Quashing of Subpoenas

5

scheduled for 16-May-2023 so that the Court can consider the documents prior to ruling.

Thank you for your prayerful consideration of this Motion for Leave to File Under Seal.

Very Humbly Submitted,

    Dated:  Monday, 15-May-2023

    By:   <u>/s/ Bobby Shed</u>
         Bobby Shed
         5004 East Fowler Avenue Unit C-102
         Tampa, FL 33617
         Phone: (386)235-0133
         Fax: 888-310-3591
         Email: ShedBobby@GMail.com with copy to BobbyShed@PM.ME

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2023, I filed the foregoing with the Clerk of the Court which should cause the Defendants' attorneys to receive notification electronically.

Richard C. McCrea, Jr. | Florida Bar No. 351539 | Email: mccrear@gtlaw.com
-and-
Cayla M. Page | Florida Bar No. 1003487 | Email: mccreac@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900 Tampa, FL 33602
Telephone: (813) 318-5700 | Facsimile: (813) 318-5900
*Attorneys for Defendants*

<u>Local Rule 3.01(g)Certification</u>

6

Plaintiff conferred in good faith with Defendants' attorneys prior to submitting the present Motion. Defendants' Counsel asserted on 15-May-2023 that they oppose the motion and that they are entitled to view the documents. Plaintiff notes the Rules only state sequester and submit to the Court for review. There is nothing in the Rules that say sequester and submit to opposing counsel for independent analysis.