## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BOBBY SHED,**

   **Plaintiff,**

**v.**                                         **CASE NO. 8:22-cv-01327-KKM-TGW**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, et. al.,**

   **Defendants.**

_____/

## DEFENDANT MUNKIN'S CORRECTED[1] MOTION
## FOR JUDGMENT ON THE PLEADINGS

Defendant Murat Munkin, in his individual capacity, by and through his undersigned counsel and pursuant to Fed.R.Civ.P. 12(c), hereby moves for judgment on the pleadings.  The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

---

[1] This motion was filed in error on July 10, 2023 [Doc. 122].  At that time, certain edits had not yet been entered into this motion.

## SUPPORTING MEMORANDUM OF LAW

### I.

### PROCEDURAL HISTORY

1.      Plaintiff Bobb Shed ("Shed") filed the instant action on March 7, 2022. **[Doc. 1]**.

2.      On March 22, 2023, Shed filed his Fifth Amended Complaint.  **[Doc. 58]**.

3.      On April 12, 2023, the defendants moved to dismiss Shed's Fifth Amended Complaint.  **[Doc. 67]**.

4.      On July 10, 2023, the Court entered an Order dismissing all of Shed's claims except Count III to the extent that it asserts a claim against defendant Munkin in his individual capacity.  **[Doc. 121]**.  In pertinent part, the Order stated: "Defendants do not argue that Shed's claim against Munkin in his individual capacity fails to state a claim, but the Court suspects that it would if Defendants moved for judgment on the pleadings….  The Court is unaware of any cases recognizing a cause of action for retaliation based on the Equal Protection Clause." **[*Id.* at 9-10]**.

2

## II.

## <u>APPLICABLE LEGAL STANDARD</u>

A Rule 12(c) motion for judgment on the pleadings is treated the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Strategic Income Fund v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). Dismissal pursuant to Rule 12(c) is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). Judgment on the pleadings is appropriate if it is established that a plaintiff cannot prove entitlement to relief under any set of facts. *Moore v. Liberty Nat'l Life Ins.*, 217 F.3d 1209, 1213 (11th Cir. 2001).

Although reasonable doubts should be resolved in favor of the non-movant, and all justifiable inferences drawn in its favor, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Lee v. Caterpillar, Inc.*, 496 Fed. Appx. 914, 915 (11th Cir. 2012), *quoting Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 176, 1282-83 (11th Cir. 2007).

3

Moreover, the "duty to liberally construe a plaintiff's complaint in the face of a [motion judgment on the pleadings] is not the equivalent of a duty to re-write it for the plaintiff." *Witchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.

## ARGUMENT

### A.  Count III Fails To State A Claim

In Count III, Shed alleges that defendant Munkin refused his disability accommodations in retaliation for Shed's race complaints, citing the Fourteenth Amendment.

However, the Eleventh Circuit has repeatedly ruled that a plaintiff cannot use the Equal Protection Clause of the Fourteenth Amendment to assert a retaliation claim. *See West v. City of Albany, Ga.*, 830 Fed. Appx. 588, 594 (11th Cir. 2020); *Ratliff v. DeKalb County, Ga.*, 62 F.3d 1338, 1340 (11th Cir. 1995) ("no clearly established right exists under the Equal Protection Clause to be free from retaliation"); *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997) ("[a] pure or

4

generic retaliation claim, however, simply does not implicate the Equal Protection

Clause").[2]

Therefore, Count III fails to state a legally cognizable claim and judgment

on the pleadings should be entered in favor of defendant Munkin on Count III.

**B.     Defendant Munkin Is Entitled To Qualified Immunity**

Qualified immunity is intended to encourage the vigorous exercise of

official authority by shielding government officials from personal liability for civil

damages. *Butz v. Economou*, 438 U.S. 478, 506 (1978). "[G]overnment officials

performing discretionary functions generally are granted a qualified immunity

and are 'shielded from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable

person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (*quoting*

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity is based upon the recognition that subjecting

governmental officials to personal monetary liability imposes substantial social

costs, distracts officials from pressing public issues, deters able people from public

---

[2] Six other circuits also have held that the Equal Protection Clause of the Fourteenth Amendment cannot sustain a claim of retaliation. *See Wilcox v. Lyons*, 970 F.3d 452, 461 (4th Cir. 2020) (collecting cases).

ACTIVE 688794321v1

service, and inhibits discretionary action. As the Supreme Court stated, "there is

the danger that fear of being sued will 'dampen the ardor of all but the most

resolute, or the most irresponsible [public officials], in the unflinching discharge

of their duties.'" *Harlow*, 457 U.S. at 814.

Qualified immunity is the right "not to stand trial or face the other burdens

of litigation, conditioned on the resolution of the essentially legal question

whether the conduct of which the plaintiff complains violated clearly established

law. The entitlement is an *immunity from suit* rather than a mere defense to liability

. . . . [I]t is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*

*v. Forsyth*, 472 U.S. 511, 526 (1985).

Both the Supreme Court and the Eleventh Circuit interpret qualified

immunity broadly. "Unless a government agent's act is so obviously wrong, in

the light of pre-existing law, that only a plainly incompetent officer or one who

was knowingly violating the law would have done such a thing, the government

actor has immunity from suit." *Lassiter v. Alabama A&M University, Bd. of Trustees*,

28 F.3d 1146, 1149 (11th Cir. 1994) (*en banc*). *See also GJR Investments, Inc. v. County*

*of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998) ("[b]ecause qualified

immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity") (citation omitted).[3]

In order to be entitled to qualified immunity, a governmental actor must demonstrate that he was acting within his discretionary authority when the allegedly wrongful conduct occurred. *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). When ascertaining whether conduct is discretionary, a court is to examine whether the alleged conduct, "*but for* the alleged constitutional infirmity," would have fallen within his legitimate job description. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004); *see also Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017) (to determine whether a governmental official is acting within the scope of his job related duties for purposes of qualified immunity, courts consider his actions at the minimum level of generality necessary to remove a constitutional taint).

Here, it was clearly within defendant Munkin's duties and authority as a USF professor to determine the scheduling and content of final examinations for his classes. In addition, Shed originally also sued Munkin in his official capacity

---

[3] *See also Montoute v. Carr,* 114 F.3d 181, 184 (11th Cir. 1997) ("the qualified immunity standard is broad enough to cover some 'mistaken judgment' and it shields from liability 'all but the plainly incompetent or those who knowingly violate the law'") (*quoting Malley v. Briggs,* 475 U.S. 335, 343 (1986)).

ACTIVE 688794321v1

in Count III, also demonstrating that Munkin was at all times acting within his USF role.   Therefore, Munkin's alleged conduct fell within his discretionary authority.

It is Shed's burden, therefore, to show that Munkin's conduct violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2007).  After having met that requirement, Shed must establish that the constitutional right that Munkin allegedly violated was clearly established as of the date of the alleged wrongdoing. *See Pearson v. Callahan*, 555 U.S. 223 (2009).  *See also Merricks v. Adkisson*, 785 F.3d 553, 559 (11th Cir. 2015) ("the district court must consider the law 'in light of the specific context of the case, not as a broad general proportion"), *quoting Saucier v. Katz*, 533 U.S. at 201.

Munkin cannot establish either.  As addressed above, the Eleventh Circuit has repeatedly ruled that the Equal Protection Clause cannot sustain a retaliation claim.  Necessarily then, Shed cannot demonstrate that the constitutional right that Munkin allegedly violated was clearly established as of the date of the alleged wrongdoing.  Therefore, judgment on the pleadings should be entered for Munkin on Count III of Shed's Fifth Amended Complaint.  *See, e.g. Captain Jack's Crab Shack, Inc. v. Cooke,* 22 U.S. App. LEXIS 26523 (11th Cir. Sept. 22, 2022) (reversing denial

ACTIVE 688794321v1

of defendants' motion for judgment on the pleadings on the ground of qualified

immunity).

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, defendant Murat Munkin, in his individual

capacity, respectfully requests that this Court grant judgment on the pleadings in

his favor as to Count III of plaintiff Shed's Fifth Amended Complaint.

Dated: July 13, 2023

Respectfully submitted,

/s/  Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
*Attorneys for Defendants*

9

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 13, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, and will serve the

foregoing by U.S. Mail and by electronic mail on the following:

Bobby Shed, *Pro Se*
5004 East Fowler Ave., Unit C-102
Tampa, FL  33617
shedbobby@gmail.com
BobbyShed@PM.me

/s/ Richard C. McCrea, Jr.
Attorney

10