# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BOBBY SHED,

    Plaintiff,

v.                                    CASE NO. 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE came on for consideration upon the Defendants' Motions to Compel (Docs. 116, 117).

Previously, I issued an order directing the defendants to indicate what portions, if any, of their motions were not moot in light of United States District Judge Kathryn Kimball Mizelle's order granting in part and denying in part the Defendants' Motion to Dismiss (Doc. 67) (see Doc. 128). The defendants filed a supplement that identified what portions of their motions were not moot (Doc. 131). Additionally, the plaintiff filed responses in opposition to the defendants' motions after the issuance of my order (Docs. 130, 133). The defendants' motions will be granted, to the extent they are not moot.

"Parties may obtain discovery regarding any nonprivileged matter that

is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In its motions, the defendants have identified items that are both relevant and proportional to the needs of the case. And, importantly, the plaintiff has not adequately objected to them. Thus, "[g]eneral objections to discovery requests as a whole are not proper." Doe v. Rollins College, 618CV1069ORL37KRS, 2019 WL 11703980 at *1 (M.D. Fla. Feb. 27, 2019). Further, "[s]pecific objections should be matched to specific" interrogatories or requests for production. Jackson v. Geometrica, Inc., 3:04CV640J20HTS, 2006 WL 213860 at *1 (M.D. Fla. Jan. 27, 2006).

As noted by the defendants, the plaintiff asserted general objections and did not specifically respond to the discovery requests. Thus, for instance, the defendants state that in response to the various requests for production identified in their second motion to compel, the plaintiff merely "responded with a 2-page global objection" (Doc. 117, p. 1). Moreover, his responses to the motions do not remedy this error. "[O]bjections that are simply made as general blanket objections will be overruled by the Court." Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co., 209-CV-599-FTM-99SPC, 2010 WL 2330286 at *1 (M.D. Fla. June 10, 2010).

It is, therefore, upon consideration,

ORDERED:

That the Defendants' Motions to Compel (Docs. 116, 117) be, and the

same are hereby, **GRANTED**. Thus, the plaintiff must provide the defendants with answers or items responsive to the following discovery requests within **21 days of the date of this order**:

1. Interrogatory Nos. 7-8 of the Defendants' First Set of Interrogatories to Plaintiff Shed.

2. Interrogatory Nos. 11-14 of the Defendants' First Set of Interrogatories to Plaintiff Shed.

3. Requests for Production Nos. 1-2 of the Defendants' First Requests for Production to Plaintiff.

4. Request for Production No. 4 of the Defendants' First Requests for Production to Plaintiff.

5. Requests for Production Nos. 18-26 of the Defendants' First Requests for Production to Plaintiff.

6. Request for Production No. 34 of the Defendants' First Requests for Production to Plaintiff.

7. Request for Production No. 36 of the Defendants' First Requests for Production to Plaintiff.

8. Request for Production No. 41 of the Defendants' First Requests for Production to Plaintiff.

9. Requests for Production Nos. 43-49 of the Defendants' First Requests for

Production to Plaintiff.

DONE and ORDERED at Tampa, Florida, this 10th day of August, 2023.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE