UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY SHED,

    Plaintiff,

v.                                     Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____

## ORDER

The sole remaining claim brought by Plaintiff Bobby Shed is against his former professor Murat Munkin under 42 U.S.C. § 1983 for violating his constitutional rights under the Equal Protection Clause by denying him disability accommodations in retaliation for making race-based complaints. 5th Am. Compl. (Doc. 58) ¶¶ 54–77. Munkin moves for judgment on the pleadings, arguing that this count for retaliation under the Fourteenth Amendment fails to state a claim for relief. (Doc. 125.). The Court grants the motion.

    I.    BACKGROUND

Shed was a Ph.D. student at the University of South Florida (USF) beginning in 2017. 5th Am. Compl. ¶ 9. He was provided funding as a part of this position, including

grants and a position as a graduate assistant. *Id.* ¶ 11, 14. Shed is "a Black American, gay male with disabilities." *Id.* ¶ 16.

Shed filed several internal complaints alleging racial discrimination at USF. First, on August 10, 2018, he filed a "formal, written, good faith complaint with USF's Office of Diversity Inclusion and Equal Opportunity" "based on racial treatment [he] experienced which he perceived to be incommensurate with the treatment of similarly situated individuals." *Id.* ¶¶ 17–18. Then, on September 1, 2019, he filed a complaint "which documented that USF Police issued citations to Black people" at a higher rate than their representation on campus. *Id.* ¶¶ 58–59. Finally, on March 6, 2020, Shed "submitted a formal, written, good-faith Whistleblower Report and Grievance complaint." *Id.* ¶ 86.

Shed alleges that his internal complaints were not timely reviewed and that adverse actions were taken against him after he filed them. For example, he alleges that his scholarship and graduate assistant funding was withheld and he was eventually dismissed from the Ph.D. and graduate programs. *Id.* ¶¶ 19, 42–43. Specifically concerning Munkin, Shed alleges that Munkin "provided Plaintiff with a cumulative final exam instead of an exam comparable to the one he provided to and announced to the class which was non-cumulative." *Id.* ¶ 61. And Shed alleges that Munkin denied him extra time on quizzes and opportunity to reschedule quizzes, neither of which happened prior to Shed filing his complaints. *Id.* ¶ 65–66.

2

Shed commenced this action against USF and several members of its staff in their individual and official capacities, including Camille Blake, Joanne Adamchak, Deborah McCarthy, Moez Limayem, Jacqueline Reck, Jianping QI, Ninon Sutton, Scott Besley, and Murat Munkin. After transfer and multiple rounds of repleading due to defects in the complaint, Defendants filed a motion to dismiss the Fifth Amended Complaint. The Court dismissed all claims in the Fifth Amended Complaint except Count III, to the extent Shed asserts a claim against Munkin in his individual capacity for retaliation under the Fourteenth Amendment. (Doc. 121.) Munkin now moves for judgment on the pleadings because Count III fails as a matter of law. Mot. for J. on Pleadings (Doc. 125) at 4–9.

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000) (citation omitted). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citation omitted). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion for judgment on the pleadings, a court must accept the facts in the complaint as true and view

3

them in the light most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "[D]ocuments that are not a part of the pleading may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id.* at 1340 n.12 (citations omitted).

### III.   ANALYSIS

Count III alleges that Munkin refused Shed his disability accommodations in retaliation for making race-based complaints, citing the Equal Protection Clause of the Fourteenth Amendment. 5th Am. Compl. ¶¶ 54–77. Shed does not allege he was retaliated against on account of his race, but rather because he filed internal complaints alleging race discrimination at USF. *See id.* ¶¶ 64–66, 68, 73. Shed's problem is that the Equal Protection Clause of the Fourteenth Amendment does not include a cause of action for general retaliation. Thus, Shed has failed to state a plausible claim for relief in Count III.

Neither the Supreme Court nor the Eleventh Circuit has recognized an equal protection right to be free from retaliation. Quite the opposite. The Eleventh Circuit has held that "[a] pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause." *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997) (citations omitted); *see also Ratliff v. DeKalb Cnty., Ga.*, 62 F.3d 338, 341 (11th Cir. 1995) ("[N]o

established right exists under the Equal Protection Clause to be free from retaliation.").[1] Because Shed does no more than claim Munkin violated his equal protection rights by retaliating against him for filing race-based complaints, *see* 5th Am. Compl. ¶¶ 61–72, his equal protection claim fails as a matter of law, even accepting all allegations as true. Put differently, if Munkin did in fact intentionally retaliate against Shed by denying him disability accommodations and giving him a harder final exam because Shed filed race-based complaints, that conduct, although objectionable, does not give rise to a retaliation claim under the Equal Protection Clause. And although the I hold pro se pleadings to "less stringent standards," I "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quotations omitted).

Even assuming Shed's equal protection claim was somehow plausible, Munkin would be entitled to qualified immunity. Mot. for J. on Pleadings at 5–8. "The right to be free from retaliation is clearly established as a *first amendment* right and as a *statutory* right under Title VII; but no clearly established right exists under the *equal protection* clause to be free from retaliation." *Ratliff*, 62 F.3d at 340. Thus, because "no established right exists under the equal protection clause to be free from retaliation," even accepting as true all facts

---

[1] Six other Courts of Appeals have also held that the Equal Protection Clause cannot sustain a general, pure claim of retaliation. *Wilcox v. Lyons*, 970 F.3d 452, 461–62 (4th Cir. 2020) (collecting cases).

as true and construing them in the light most favorable to Shed, Shed cannot demonstrate that Munkin violated a clearly established constitutional right under the Equal Protection Clause. *Ratliff*, 62 F.3d at 341 (reversing the district court's denial of qualified immunity on the plaintiff's equal protection claim because there is no clearly established right to be free from retaliation under the Equal Protection Clause); *see also Watkins*, 105 F.3d at 1354 (collecting cases).

Shed filed an untimely response, arguing at length that the "undisputed material facts satisfy the elements of retaliation and discrimination" and therefore, judgment should be entered in his favor. Pl.'s Resp. (Doc. 133) at 7–19. But Shed cannot avoid precedent which forecloses his claim of retaliation under the Equal Protection Clause. *Watkins*, 105 F.3d at 1354. Further, the cases Shed cites are from another circuit and do no displace Eleventh Circuit precedent or its authority in this Court. *See* Pl.'s Resp. at 13 (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 80 (2d Cir. 2015); *Lewis v. City of Norwalk*, 562 F. App'x 25, 29 (2d Cir. 2014)).

## IV. CONCLUSION

Shed has not stated a plausible claim for relief in Count III. Because that is the only claim remaining after four opportunities for amendment, Defendant Munkin is entitled to judgment on the pleadings. The following is **ORDERED**:

1. Defendant Munkin's motion for judgment on the pleadings (Doc. 125) is **GRANTED.**

2. The Court construes Plaintiff's objections (Doc. 132) to the Court's Order on Defendants' Motion to Dismiss (Doc. 121) as a motion for reconsideration. The motion for reconsideration (Doc. 132) is **DENIED.**

3. The Clerk is directed to **TERMINATE** any pending motions and deadlines, to enter **JUDGMENT** in Defendant Munkin's favor, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 8, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge