# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren                                     Kristin Esposito
Clerk of Court                                     Tampa Division Manager

**DATE:** November 14, 2023

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

BOBBY SHED,

      Plaintiff,

v.                                     Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA BOARD OF
TRUSTEES, CAMILLE BLAKE, DEBORAH
MCCARTHY, MOEZ LIMAYEM, JAQUELINE RECK,
JIANPING QI, NINON SUTTON, MURAT MUNKIN,
JOANNE ADAMCHACK and SCOTT BESLEY,

      Defendants.

**U.S.C.A. Case No.:**        **TBA**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Kathryn Kimball Mizelle, United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

- Court Reporter:  Digital

               ELIZABETH M. WARREN, CLERK

               By:    s/A. Azcona-Johnson, Deputy Clerk

APPEAL, CLOSED

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:22−cv−01327−KKM−TGW

| | |
|---|---|
| Shed v. University of South Florida Board of Trustees, et al | Date Filed: 06/15/2022 |
| Assigned to: Judge Kathryn Kimball Mizelle | Date Terminated: 09/11/2023 |
| Referred to: Magistrate Judge Thomas G. Wilson | Jury Demand: Plaintiff |
| Case in other court:  Florida Northern, 4:22−cv−00100 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Bobby Shed**                              represented by    **Bobby Shed**
4601 East Moody Blvd Unit E8−4
Bunnel, FL 32110
PRO SE

V.

**Defendant**

**University of South Florida Board of**       represented by    **Richard C. McCrea , Jr.**
**Trustees**                                                   Greenberg Traurig, P.A.
101 E Kennedy Blvd Ste 1900
Tampa, FL 33602−5148
813−318−5700
Fax: 813−318−5900
Email: mccrear@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
Greenberg Traurig, P.A.
101 E Kennedy Blvd Ste 1900
Tampa, FL 33602−5148
813−318−5700
Fax: 813−318−5900
Email: nietoa@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
Greenberg Traurig, P.A.
101 E Kennedy Blvd Ste 1900
Tampa, FL 33602−5148
813−318−5700
Fax: 813−318−5900
Email: pagec@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dwayne Smith**                                    represented by   **Richard C. McCrea , Jr.**
*Provost, in his official capacity*                                 (See above for address)
*TERMINATED: 10/13/2022*                                            *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Cayla McCrea Page**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Camille Blake**                                   represented by   **Richard C. McCrea , Jr.**
*Attorney, in her official capacity*                                (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Andrea Elizabeth Nieto**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Cayla McCrea Page**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Deborah McCarthy**                                represented by   **Richard C. McCrea , Jr.**
*Ms., in her official capacity*                                     (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Andrea Elizabeth Nieto**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Cayla McCrea Page**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Moez Limayem**                                    represented by   **Richard C. McCrea , Jr.**
*Dean, in his official capacity*                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Andrea Elizabeth Nieto**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Cayla McCrea Page**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Jaqueline Reck**
*Associate Dean, in her official capacity*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jianping Qi**
*Professor, in his official capacity*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ninon Sutton**
*Professor, in her official capacity*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Murat Munkin**
*Professor, in his official capacity*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Florida Commission on Human Relations**
*TERMINATED: 07/18/2022*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joanne Adamchack**
*Attorney, in her official capacity*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Besley**
*Professor, in his official capacity*

represented by   **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Elizabeth Nieto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mediator**

**Deborah C. Brown**
*TERMINATED: 03/29/2023*

represented by   **Deborah C. Brown**
Brown Law and Consulting, PLLC
301 W. Platt Street, # 501
Tampa, FL 33606
813−495−0638

4

Email: dbrown@brownlawconsulting.com
*TERMINATED: 03/29/2023*
*ATTORNEY TO BE NOTICED*

**Mediator**

**Albert John Bowden**                 represented by   **Albert J. Bowden , III**
                                                        Bowden Law Firm, LLC
                                                        3452 Welwyn Way
                                                        Tallahassee, FL 32309
                                                        850/414−3300
                                                        Fax: 850/488−4872
                                                        Email: albowdenlaw@gmail.com
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2022 | 1 | COMPLAINT against CAMILLE BLAKE, FLORIDA COMMISSION ON HUMAN RELATIONS, MOEZ LIMAYEM, DEBORAH MCCARTHY, MURAT MUNKIN, JIANPING QI, JAQUELINE RECK, DWAYNE SMITH, NINON SUTTON, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, filed by BOBBY SHED. (Attachments: # 1 Exhibits)(Filing fee was paid. No service copies filed.) (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/08/2022) |
| 03/07/2022 | 2 | Filing fee: $ 402.00, receipt number FLN4−43704. Fee status updated to *paid.* (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/08/2022) |
| 03/08/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: 2 Filing Fee Received, 1 Complaint,. (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/08/2022) |
| 03/08/2022 | 3 | Notice to Pro Se (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/08/2022) |
| 03/10/2022 | 4 | ORDER − Accordingly, it is ORDERED: On or before **3/25/2022**: Plaintiff shall show cause why this case should not be transferred to the United States District Court for the Middle District of Florida; or if Plaintiff acknowledges that this case should transferred to the United States District Court for the Middle District of Florida, file a notice stating that Plaintiff so acknowledges. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 3/10/2022. (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/10/2022) |
| 03/28/2022 | 5 | ORDER − The clerk of the court shall return Plaintiff's document without filing it on the docket. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 3/28/2022. (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/28/2022) |
| 03/28/2022 | 6 | RESPONSE TO ORDER TO SHOW CAUSE by BOBBY SHED. (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/28/2022) |
| 03/28/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: 6 Response to Order to Show Cause. (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 03/28/2022) |
| 06/14/2022 | 7 | ORDER re 1 Complaint. Because the Middle District of Florida is the most appropriate venue for this civil action, it is ORDERED that the clerk of the court: |

| | | |
|---|---|---|
| | | TRANSFER this case to the United States District Court for the Middle District of Florida; and close this case file. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 6/14/2022. (jcw) [Transferred from flnd on 6/15/2022.] (Entered: 06/15/2022) |
| 06/15/2022 | 8 | Case transferred in from District of Florida Northern; Case Number 4:22−cv−00100. File received electronically (Entered: 06/15/2022) |
| 06/15/2022 | 9 | TRANSFER IN from the Northern District of Florida (Tallahassee Division). Case assigned to District Judge Kathryn Kimball Mizelle and Magistrate Judge Thomas G. Wilson. New Case Number: 8:22−cv−1327−KKM−TGW. (AG) (Entered: 06/15/2022) |
| 06/16/2022 | 10 | **STANDING CIVIL CASE ORDER. The parties must file a joint Case Management Report using the standard form on the Court's website within 40 days after any Defendant appears. Signed by Judge Kathryn Kimball Mizelle on 6/16/2022. (EDB)** (Entered: 06/16/2022) |
| 06/23/2022 | 11 | MOTION to Amend 1 Complaint, by Bobby Shed. (BES) (Entered: 06/23/2022) |
| 06/27/2022 | 12 | **ENDORSED ORDER: The Court grants in part Plaintiff's 11 motion. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff's amended complaint is due July 18, 2022. Signed by Judge Kathryn Kimball Mizelle on 6/27/2022. (EDB)** (Entered: 06/27/2022) |
| 07/18/2022 | 13 | NOTICE of a related action per Local Rule 1.07(c) by Bobby Shed. Related case(s): Yes. (LNR) (Entered: 07/19/2022) |
| 07/18/2022 | 14 | CERTIFICATE of interested persons and corporate disclosure statement by Bobby Shed. (LNR) (Entered: 07/19/2022) |
| 07/18/2022 | 15 | STRICKEN per 18 Order − AMENDED COMPLAINT against Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees with Jury Demand. Filed by Bobby Shed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12− No attachment, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 18, # 20 Exhibit 20)(LNR) (**Unsigned**) Modified on 7/22/2022 (BES). (Entered: 07/20/2022) |
| 07/19/2022 | 16 | SUMMONS issued as to University of South Florida Board of Trustees. (AG) (Entered: 07/20/2022) |
| 07/19/2022 | 17 | MOTION to file electronically by Bobby Shed. (AG) (Entered: 07/20/2022) |
| 07/21/2022 | 18 | **ORDER striking Amended Complaint 15 as a shotgun pleading and denying 17 Plaintiff's Motion to file electronically. By August 3, 2021, Plaintiff may file a second amended complaint consistent with the directives of this order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice. Signed by Judge Kathryn Kimball Mizelle on 7/21/2022. (MEV)** (Entered: 07/21/2022) |
| 07/21/2022 | 19 | RETURN of service executed on 07/20/22 by Bobby Shed as to University of South Florida Board of Trustees. (KME) (Entered: 07/22/2022) |

| 07/25/2022 | 20 | NOTICE of Appearance by Richard C. McCrea, Jr on behalf of Joanne Adamchack, Scott Besley, Camille Blake, Florida Commission on Human Relations, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees (McCrea, Richard) (Entered: 07/25/2022) |
|---|---|---|
| 07/25/2022 | 21 | NOTICE of Appearance by Cayla McCrea Page on behalf of Joanne Adamchack, Scott Besley, Camille Blake, Florida Commission on Human Relations, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees (Page, Cayla) (Entered: 07/25/2022) |
| 07/27/2022 | 22 | MOTION for Extension of Time to File Amend Complaint by Bobby Shed. (KME) (Entered: 07/28/2022) |
| 07/27/2022 | 23 | MOTION for Miscellaneous Relief, specifically to file electronically by Bobby Shed. (KME) (Entered: 07/28/2022) |
| 07/27/2022 | 24 | MOTION for Clarification re 18 Order on Motion for Miscellaneous Relief by Bobby Shed. (KME) (Entered: 07/28/2022) |
| 07/28/2022 | 25 | NOTICE of Appearance by Cayla McCrea Page on behalf of Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees (Page, Cayla) (Entered: 07/28/2022) |
| 07/29/2022 | 26 | **ORDER granting in part 22 Motion for Extension of Time to File second amended complaint; denying 23 Motion to file electronically; resolving 24 Motion for Reconsideration / Clarification re 18 Order on Motion for Miscellaneous Relief filed by Bobby Shed. Second amended complaint must be filed by 8/12/22.. Signed by Judge Kathryn Kimball Mizelle on 7/29/2022. (MEV)** (Entered: 07/29/2022) |
| 08/12/2022 | 28 | SECOND AMENDED COMPLAINT against Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees with Jury Demand. filed by Bobby Shed. Related document: 15 Amended Complaint, filed by Bobby Shed. (Attachments: # 1 Exhibit 01, # 2 Exhibit 02, # 3 Exhibit 03, # 4 Exhibit 04−A, # 5 Exhibit 04−B, # 6 Exhibit 05, # 7 Exhibit 06, # 8 Exhibit 07, # 9 Exhibit 08, # 10 Exhibit 09, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15)(KME) (Entered: 08/15/2022) |
| 08/13/2022 | 27 | OBJECTION re 18 Order. (Attachments: # 1 Exhibit Blank Complaint Form)(BD) (Entered: 08/15/2022) |
| 08/18/2022 | 29 | **ORDER striking Amended Complaint 28 as a shotgun pleading. By September 16, 2022, Plaintiff may file a third (and final) amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in dismissal of the action without further notice. Signed by Judge William F. Jung on 8/18/2022. (LG)** (Entered: 08/18/2022) |
| 08/30/2022 | 30 | MOTION for Clarification re 29 Order, by Bobby Shed. (SET) (Entered: 08/30/2022) |
| 08/30/2022 | 31 | |

| | | MOTION for Clarification as to Presiding Judge re 29 Order, by Bobby Shed. (SET) (Entered: 08/30/2022) |
|---|---|---|
| 08/30/2022 | 32 | MOTION for Leave to Amend 28 Amended Complaint 1 Complaint, by Bobby Shed. (SET) (Entered: 08/30/2022) |
| 08/31/2022 | 33 | **ORDER granting in part and denying in part 30 Motion for Reconsideration / Clarification; granting 31 Motion for Reconsideration / Clarification; granting in part and denying in part 32 Motion for Extension. Signed by Judge William F. Jung on 8/31/2022. (LG)** (Entered: 08/31/2022) |
| 09/26/2022 | 34 | MOTION for Extension of Time to File Amended Complaint by Bobby Shed. (BD) (Entered: 09/26/2022) |
| 09/27/2022 | 35 | **ENDORSED ORDER: Finding good cause, the Court grants Plaintiff Shed's motion. He may file his amended complaint by October 13, 2022. Signed by Judge Kathryn Kimball Mizelle on 9/27/2022. (MEV)** (Entered: 09/27/2022) |
| 10/13/2022 | 36 | THIRD AMENDED COMPLAINT against Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees with Jury Demand. Terminating Dwayne Smith. Filed by Bobby Shed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(BD) (Entered: 10/14/2022) |
| 10/14/2022 | 37 | SUPPLEMENT to 36 Amended Complaint by Bobby Shed. (Attachments: # 1 Exhibit 1)(BD) (Entered: 10/17/2022) |
| 10/17/2022 | 38 | OBJECTION re 18 Order filed by Bobby Shed. (BD) (Entered: 10/17/2022) |
| 10/18/2022 | 39 | **ORDER granting leave to amend complaint in accordance with Plaintiff's supplement 37 by October 31, 2022. Signed by Judge William F. Jung on 10/18/2022. (MEV)** (Entered: 10/18/2022) |
| 11/01/2022 | 40 | CORRECTED THIRD AMENDED COMPLAINT against Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees with Jury Demand filed by Bobby Shed. (Attachments: # 1 Exhibits)(BD) (Entered: 11/01/2022) |
| 11/08/2022 | 41 | MOTION to Dismiss (Fourth) Amended Complaint and to Strike , MOTION to Dismiss for Failure to State a Claim by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 11/08/2022) |
| 11/23/2022 | 42 | **ENDORSED ORDER: As required by Local Rule 3.03, Defendants must file a Certificate of Interested Persons and Corporate Disclosure Statement identifying parties and interested corporations in which any assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Defendants must file the foregoing by using the attachment in this action's Civil Case Order. (Doc. 10.) Defendants must file the Disclosure Statement and Certification no later than November 30, 2022. Signed by Judge Kathryn Kimball Mizelle on 11/23/2022. (MEV)** (Entered: 11/23/2022) |
| 11/23/2022 | 43 | MOTION for Extension of Time to File Response/Reply as to 41 MOTION to Dismiss (Fourth) Amended Complaint and to Strike MOTION to Dismiss for Failure |

| | | to State a Claim by Bobby Shed. (JNB) (Entered: 11/28/2022) |
|---|---|---|
| 11/28/2022 | 44 | CERTIFICATE of interested persons and corporate disclosure statement re 42 Order by Joanne Adamchack, Scott Besley, Camille Blake, Florida Commission on Human Relations, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees. (Page, Cayla) (Entered: 11/28/2022) |
| 11/28/2022 | 45 | **ENDORSED ORDER; The Court grants Plaintiff's motion 43. Plaintiff must respond to Defendants' motion to dismiss by December 9, 2022. Signed by Judge Kathryn Kimball Mizelle on 11/28/2022. (MEV)** (Entered: 11/28/2022) |
| 12/12/2022 | 46 | RESPONSE in Opposition re 41 MOTION to Dismiss (Fourth) Amended Complaint and to Strike MOTION to Dismiss for Failure to State a Claim filed by Bobby Shed. (AG) (Entered: 12/12/2022) |
| 12/27/2022 | 47 | **ORDER to show cause. By January 12, Shed must show good cause for why he failed to timely file a case management report. Signed by Judge Kathryn Kimball Mizelle on 12/27/2022. (MEV)** (Entered: 12/27/2022) |
| 01/12/2023 | 48 | CASE MANAGEMENT REPORT. (LNR) (Entered: 01/13/2023) |
| 01/30/2023 | 49 | <span style="color:green">**CASE MANAGEMENT AND SCHEDULING ORDER: Discovery due by September 5, 2023. Dispositive motions due by October 12, 2023. Pretrial Conference scheduled for March 14, 2024 at 1:30 PM in Tampa Courtroom 13B before Judge Kathryn Kimball Mizelle. Jury Trial scheduled for the April 2024 trial calendar in Tampa Courtroom 13B before Judge Kathryn Kimball Mizelle. Conduct mediation by October 5, 2023. Lead counsel to coordinate dates. Signed by Judge Kathryn Kimball Mizelle on 1/30/2023. (GSO)**</span> (Entered: 01/30/2023) |
| 03/02/2023 | 50 | EMERGENCY MOTION for Protective Order by Bobby Shed. (AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Motion is unsigned) Modified text on 3/3/2023 (AG). (Entered: 03/03/2023) |
| 03/03/2023 | 51 | SUPPLEMENT re 50 EMERGENCY MOTION for Protective Order by Bobby Shed. (AG) (Entered: 03/03/2023) |
| 03/06/2023 | 52 | **ORDER directing defendants to respond to 50 EMERGENCY MOTION for Protective Order. Signed by Magistrate Judge Thomas G. Wilson on 3/6/2023. (ABC)** (Entered: 03/07/2023) |
| 03/07/2023 | 53 | RESPONSE in Opposition re 50 EMERGENCY MOTION for Protective Order filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/07/2023) |
| 03/13/2023 | 54 | MOTION to Amend 50 EMERGENCY Motion for Protective Order by Bobby Shed. (AG) (Entered: 03/13/2023) |
| 03/20/2023 | 55 | MOTION to Amend and to file additional pages 40 Third Amended Complaint, by Bobby Shed. (Attachments: # 1 proposed Amended Complaint with Jury Demand)(AG) (Entered: 03/21/2023) |
| 03/21/2023 | 56 | RESPONSE in Opposition re 54 MOTION to Amend 50 EMERGENCY MOTION for Protective Order filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon |

| | | |
|---|---|---|
| | | Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/21/2023) |
| 03/22/2023 | 57 | **ORDER granting 55 motion to amend complaint; denying as moot 41 Motion to Dismiss; denying 54 Motion to Amend emergency motion. The Clerk is directed to file the attachment to Doc. 55 as Plaintiff's Fifth Amended Complaint. Defendants must respond to Plaintiff's Fifth Amended Complaint by April 12, 2023. Signed by Judge Kathryn Kimball Mizelle on 3/22/2023. (MEV)** (Entered: 03/22/2023) |
| 03/22/2023 | 58 | FIFTH AMENDED COMPLAINT against Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees with Jury Demand. Filed by Bobby Shed.(LNR) (Entered: 03/23/2023) |
| 03/24/2023 | 59 | MOTION for Protective Order *and to Quash Subpoena* by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A)(McCrea, Richard) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 03/24/2023) |
| 03/27/2023 | 60 | NOTICE of mediation conference/hearing to be held on September 13, 2023 at 9:00 a.m. before Deborah C. Brown. (McCrea, Richard) (Entered: 03/27/2023) |
| 03/27/2023 | 61 | **MEDIATION ORDER: Lead Counsel shall file a mediation report within seven days following the mediation conference. Signed by Judge Kathryn Kimball Mizelle on 3/27/2023. (MEV)** (Entered: 03/27/2023) |
| 03/28/2023 | 62 | MOTION for Protective Order *and to Quash Subpoena to Greenberg Traurig, P.A.* by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A)(McCrea, Richard) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 03/28/2023) |
| 03/29/2023 | 63 | NOTICE of Mediator Declination. (Brown, Deborah) Modified text on 3/30/2023 (LNR). (Entered: 03/29/2023) |
| 03/29/2023 | 64 | MOTION for Protective Order *and to Quash Subpoenas* by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(McCrea, Richard) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 03/29/2023) |
| 03/29/2023 | 65 | **ENDORSED ORDER: Upon review of the mediator's notice 63, the Clerk is directed to remove Deborah Brown from this case. The parties must file a new mediation notice by April 14, 2023, proposing a new mediator in accordance with the requirements in the Case Management and Scheduling Order 49. Signed by Judge Kathryn Kimball Mizelle on 3/29/2023. (MEV)** (Entered: 03/29/2023) |
| 04/07/2023 | 66 | RESPONSE in Opposition re 59 MOTION for Protective Order *and to Quash Subpoenas* filed by Bobby Shed. (AG) Modified link on 4/13/2023 (AG). (Entered: 04/10/2023) |
| 04/12/2023 | 67 | MOTION to Dismiss *Fifth Amended Complaint and to Strike* by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, |

| | | |
|---|---|---|
| | | Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 04/12/2023) |
| 04/12/2023 | 68 | RESPONSE in Opposition re 62 MOTION for Protective Order *and to Quash Subpoena to Greenberg Traurig, P.A.* filed by Bobby Shed. (AG) (Entered: 04/12/2023) |
| 04/12/2023 | 69 | RESPONSE in Opposition re 64 MOTION for Protective Order *and to Quash Subpoenas* filed by Bobby Shed. (AG) (Entered: 04/13/2023) |
| 04/14/2023 | 70 | UNOPPOSED MOTION for Clarification on Federal Rules of Civil Procedure, Rule 6 by Bobby Shed. (JNB) (Entered: 04/14/2023) |
| 04/14/2023 | 71 | UNOPPOSED MOTION for Extension of Time to File Notice of Mediation by Bobby Shed. (JNB) (Entered: 04/14/2023) |
| 04/17/2023 | 72 | **ORDER granting 70 Motion for Clarification; granting 71 Motion for Extension of Time to File. Signed by Judge Kathryn Kimball Mizelle on 4/17/2023. (MEV)** (Entered: 04/17/2023) |
| 04/24/2023 | 73 | MOTION for Extension of Time to File Notice of Mediation by Bobby Shed. (AG) (Entered: 04/24/2023) |
| 04/25/2023 | 74 | **ENDORSED ORDER: Shed's 73 Motion for Extension of Time to File his mediation notice is granted. Shed must file the mediation notice by May 3, 2023. Signed by Judge Kathryn Kimball Mizelle on 4/25/2023. (MEV)** (Entered: 04/25/2023) |
| 04/26/2023 | 75 | MOTION to Compel Written Discovery Responses by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(McCrea, Richard) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/26/2023) |
| 04/28/2023 | 76 | NOTICE of in−person hearing on Motion for Protective Order and to Quash Subpoena to Greenberg Traurig, P.A. (Doc. 62), Motion for Protective Order and to Quash Subpoena (Doc. 59), Emergency Motion for Protective Order (Doc. 50), and Motion for Protective Order and to Quash Subpoenas (Doc. 64). Motion Hearing set for 5/16/23 at 02:30 PM in Tampa Courtroom 12 A before Magistrate Judge Thomas G. Wilson. It is expected that the memoranda will contain all the information the parties wish to present at the hearing. Thus, the parties should not expect the court to consider information not reflected in the memoranda. In all events, any submission must be made by 4:00 p.m. on the day before the hearing. Any other belated submission will be disregarded.(KAJ) (Entered: 04/28/2023) |
| 05/01/2023 | 77 | NOTICE of mediation conference/hearing to be held on October 2, 2023 before Albert John Bowden. (JNB) (Entered: 05/01/2023) |
| 05/01/2023 | 78 | **MEDIATION ORDER: Lead Counsel shall file a mediation report within seven days following the mediation conference. Signed by Judge Kathryn Kimball Mizelle on 5/1/2023. (MEV)** (Entered: 05/01/2023) |
| 05/01/2023 | 79 | MOTION for Miscellaneous Relief, specifically to Overrule Objections and to Compel Production of Subpoena Duces Tecum Without Deposition by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South |

| | | |
|---|---|---|
| | | Florida Board of Trustees. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McCrea, Richard) (Entered: 05/01/2023) |
| 05/03/2023 | 80 | MOTION to Strike 67 MOTION to Dismiss *Fifth Amended Complaint and to Strike* by Bobby Shed. (AG) (Entered: 05/04/2023) |
| 05/04/2023 | 81 | MOTION for Extension of Time to File Response as to 67 MOTION to Dismiss *Fifth Amended Complaint and to Strike* by Bobby Shed. (AG) (Entered: 05/04/2023) |
| 05/04/2023 | 82 | RESPONSE in Opposition re 81 MOTION for Extension of Time to File Response/Reply as to 67 MOTION to Dismiss *Fifth Amended Complaint and to Strike* filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 05/04/2023) |
| 05/04/2023 | 83 | **ENDORSED ORDER: Defendants certified that they served their motion to dismiss by mail to Shed on April 12, 2023, so Shed's motion to strike 80 for failure to serve is denied. Shed's motion for extension 81 is granted in part. Shed must file his response to Defendants' motion to dismiss 67 by May 12, 2023. Signed by Judge Kathryn Kimball Mizelle on 5/4/2023. (MEV)** (Entered: 05/04/2023) |
| 05/08/2023 | 84 | MOTION for Extension of Time to File Response as to 75 MOTION to Compel Written Discovery Responses by Bobby Shed. (AG) (Entered: 05/09/2023) |
| 05/12/2023 | 85 | RESPONSE in Opposition re 67 MOTION to Dismiss *Fifth Amended Complaint and to Strike* filed by Bobby Shed. (AG) (Entered: 05/15/2023) |
| 05/15/2023 | 86 | MOTION for Extension of Time to File Response as to 79 MOTION to Overrule Objections and to Compel Production of Subpoena Duces Tecum Without Deposition by Bobby Shed. (AG) (Entered: 05/15/2023) |
| 05/15/2023 | 87 | NOTICE of filing and service by Bobby Shed re 50 EMERGENCY MOTION for Protective Order (Attachments: # 1 Notice of Intent to Serve Subpoenas, # 2 Copies of USF and Greenberg Supbpoenas)(AG) (Entered: 05/15/2023) |
| 05/15/2023 | 88 | MOTION for leave to file DOCUMENTS under seal by Bobby Shed (AG).Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/16/2023) |
| 05/15/2023 | 89 | MEMORANDUM re 76 Notice of hearing on Emergency Motion filed by Bobby Shed. (AG). Modified to correct image on 5/16/2023 (AG). (Entered: 05/16/2023) |
| 05/15/2023 | 90 | LEGAL MEMORANDUM re 76 Notice of hearing on Defendants' Motion for Protective Order and to Quash Subpoena to Greenberg Traurig, P.A. and to USFBOT, filed by Bobby Shed. (AG) (Entered: 05/16/2023) |
| 05/16/2023 | 91 | RESPONSE in Opposition re 75 MOTION to Compel Written Discovery Responses filed by Bobby Shed. (AG) Modified to correct filed date on 5/16/2023 (AG). (Entered: 05/16/2023) |
| 05/16/2023 | 92 | Minute Entry. In Person Proceedings held before Magistrate Judge Thomas G. Wilson: MOTION HEARING held on 5/16/2023 re 59 MOTION for Protective Order *and to Quash Subpoena* filed by Ninon Sutton, Joanne Adamchack, Jianping Qi, University of South Florida Board of Trustees, Scott Besley, Camille Blake, Moez Limayem, Jaqueline Reck, Murat Munkin, Deborah McCarthy, 62 MOTION |

| | | |
|---|---|---|
| | | for Protective Order *and to Quash Subpoena to Greenberg Traurig, P.A.* filed by Ninon Sutton, Joanne Adamchack, Jianping Qi, University of South Florida Board of Trustees, Scott Besley, Jaqueline Reck, Moez Limayem, Camille Blake, Murat Munkin, Deborah McCarthy, <u>50</u> EMERGENCY MOTION for Protective Order filed by Bobby Shed, <u>64</u> MOTION for Protective Order *and to Quash Subpoenas* filed by Ninon Sutton, Joanne Adamchack, Jianping Qi, University of South Florida Board of Trustees, Scott Besley, Jaqueline Reck, Moez Limayem, Camille Blake, Murat Munkin, Deborah McCarthy. (DIGITAL) (ABC) Modified text on 5/22/2023 (ABC). (Entered: 05/18/2023) |
| 05/18/2023 | <u>94</u> | **ORDER denying <u>50</u> Motion for Protective Order; granting <u>59</u> Motion for Protective Order; granting <u>62</u> Motion for Protective Order; denying as moot <u>64</u> Motion for Protective Order. Signed by Magistrate Judge Thomas G. Wilson on 5/18/2023.** (ABC) (Entered: 05/18/2023) |
| 05/18/2023 | <u>96</u> | **ORDER denying as moot <u>84</u> Motion for Extension of Time to File Response / Reply. Signed by Magistrate Judge Thomas G. Wilson on 5/18/2023.** (ABC) (Entered: 05/22/2023) |
| 05/19/2023 | <u>95</u> | RESPONSE IN OPPOSITION to <u>79</u> MOTION for Miscellaneous Relief, specifically to Overrule Objections and to Compel Production of Subpoena Duces Tecum Without Deposition; MOTION to Quash Subpoena, MOTION for Protective Order by Bobby Shed. (JNB) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/19/2023) |
| 05/22/2023 | <u>97</u> | Time−Sensitive MOTION to Strike defendants' Notice of Deposition; MOTION for Protective Order by Bobby Shed. (AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/24/2023) |
| 05/25/2023 | <u>98</u> | RESPONSE in Opposition re <u>97</u> MOTION to Strike, MOTION for Protective Order filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 05/25/2023) |
| 05/25/2023 | <u>99</u> | NOTICE of Filing Exhibit A by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees re <u>98</u> Response in Opposition to Motion. (Attachments: # <u>1</u> Exhibit A)(McCrea, Richard) (Entered: 05/25/2023) |
| 05/25/2023 | <u>100</u> | **ORDER denying <u>97</u> Motion to Strike; denying <u>97</u> Motion for Protective Order. Signed by Magistrate Judge Thomas G. Wilson on 5/25/2023.** (ABC) (Entered: 05/25/2023) |
| 05/30/2023 | <u>101</u> | AMENDED RESPONSE in Opposition re <u>75</u> MOTION to Compel Written Discovery Responses filed by Bobby Shed. (AG) (Entered: 05/31/2023) |
| 06/12/2023 | <u>102</u> | **STANDING ORDER. Signed by Magistrate Judge Thomas G. Wilson on 6/12/2023. (KAJ)** (Entered: 06/12/2023) |
| 06/12/2023 | 103 | **ORDER granting <u>86</u> Motion for Extension of Time to File Response. Signed by Magistrate Judge Thomas G. Wilson on 6/12/2023. (Wilson, Thomas)** (Entered: 06/12/2023) |
| 06/12/2023 | <u>104</u> | **ORDER denying without prejudice <u>75</u> Motion to Compel Discovery. Signed by Magistrate Judge Thomas G. Wilson on 6/12/2023. (KMN)** (Entered: 06/13/2023) |

| | | |
|---|---|---|
| 06/13/2023 | 105 | **ORDER directing Joanne Adamchack, Scott Besley, Camille Blake, Florida Commission on Human Relations, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees to respond to 88 MOTION for leave to file DOCUMENT under seal. Responses due by 6/27/2023. Signed by Magistrate Judge Thomas G. Wilson on 6/13/2023. (KMN)** (Entered: 06/14/2023) |
| 06/16/2023 | 106 | RESPONSE in Opposition re 88 MOTION for leave to file DOCUMENT under seal filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 06/16/2023) |
| 06/20/2023 | 107 | NOTICE of WITHDRAWAL of motion as moot re 88 Motion for Leave to File Under Seal filed by Bobby Shed. (AG) (Entered: 06/20/2023) |
| 06/20/2023 | 108 | AMENDED NOTICE of a related action per Local Rule 1.07(c) by Bobby Shed. Related case(s): Yes. (AG) (Entered: 06/20/2023) |
| 06/21/2023 | 109 | Plaintiff's Motion to Compel Complete Answers and Overrule Objections to "First Set of Interrogatories to Defendant USF" by Bobby Shed. (ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 06/22/2023) |
| 06/21/2023 | 110 | Plaintiff's Motion to Compel Complete Answers and Overrule Objections to Subpoena United Healthcare Student Resources by Bobby Shed. (ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 06/22/2023) |
| 06/22/2023 | 111 | MOTION to Compel complete answers and overrule objections to subpoena submitted to Arthur J. Gallagher by Bobby Shed. (JNB) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 06/23/2023) |
| 06/26/2023 | 112 | AMENDED NOTICE of a related action per Local Rule 1.07(c) by Bobby Shed. Related case(s): Yes (ABC) (Entered: 06/26/2023) |
| 06/26/2023 | 113 | **ORDER granting 79 Motion to Overrule Objections and Compel Production of Subpoena Duces Tecum Without Deposition. Signed by Magistrate Judge Thomas G. Wilson on 6/26/2023. (KMN)** (Entered: 06/27/2023) |
| 07/05/2023 | 114 | RESPONSE in Opposition re 109 MOTION to Compel filed by Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 07/05/2023) |
| 07/05/2023 | 115 | MEMORANDUM in opposition re 111 Motion to Compel filed by Joanne Adamchack, Scott Besley, Camille Blake, Albert John Bowden, Deborah C. Brown, Florida Commission on Human Relations, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Dwayne Smith, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 07/05/2023) |
| 07/06/2023 | 116 | MOTION to Compel Plaintiff's Responses to Interrogatory Nos. 1−14 of Defendants' First Set of Interrogatories to Plaintiff Shed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 07/06/2023) |

| | | |
|---|---|---|
| 07/06/2023 | 117 | MOTION to Compel Plaintiff's Responses to Paragraph Nos. 1−32, 34−36, 38, 41, 43−49 of Defendants' First Request for Production to Plaintiff by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 07/06/2023) |
| 07/06/2023 | 118 | NOTICE of Appearance by Andrea Elizabeth Nieto on behalf of Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees (Nieto, Andrea) (Entered: 07/06/2023) |
| 07/07/2023 | 119 | MOTION for Clarification by Bobby Shed. (AG) (Entered: 07/07/2023) |
| 07/07/2023 | 120 | Amended NOTICE of Appearance by Andrea Elizabeth Nieto on behalf of Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees (Nieto, Andrea) Modified on 7/10/2023 to edit docket text (AJS). (Entered: 07/07/2023) |
| 07/10/2023 | 121 | **ORDER granting in part and denying in part 67 Motion to Dismiss for Failure to State a Claim; Resolving 119 Motion for Clarification. Defendants must answer Count III by July 31, 2023. Signed by Judge Kathryn Kimball Mizelle on 7/10/2023. (MEV)** (Entered: 07/10/2023) |
| 07/12/2023 | 122 | MOTION for Judgment on the Pleadings by Murat Munkin. (McCrea, Richard) (Entered: 07/12/2023) |
| 07/12/2023 | 123 | *Defendant Munkin's* ANSWER and affirmative defenses to 58 Amended Complaint by Murat Munkin.(McCrea, Richard) (Entered: 07/12/2023) |
| 07/12/2023 | 124 | **ENDORSED ORDER: A party may not move for judgment on the pleadings until "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Nor can I construe the motion as one to dismiss because Munkin has already filed a motion to dismiss. Munkin moved for judgment on the pleadings before he filed an answer. See Fed. R. Civ. P. 7(a); Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. Sec. 1367 (3d ed.). Accordingly, Defendant's motion 122 is denied without prejudice. Now that his answer is filed, he may refile the motion. Signed by Judge Kathryn Kimball Mizelle on 7/12/2023. (MEV)** Modified on 7/12/2023 (MEV). (Entered: 07/12/2023) |
| 07/13/2023 | 125 | Corrected MOTION for Judgment on the Pleadings by Murat Munkin. (McCrea, Richard) (Modified on 7/13/2023, to edit text) (BGR). (Entered: 07/13/2023) |
| 07/13/2023 | 126 | **ORDER denying as moot 88 Motion for leave to file under seal; denying as moot 95 Motion to Quash; denying as moot 95 Motion for Protective Order. Signed by Magistrate Judge Thomas G. Wilson on 7/13/2023. (KMN)** (Entered: 07/14/2023) |
| 07/13/2023 | 127 | RESPONSE in Opposition re 116 MOTION to Compel Plaintiff's Responses to Interrogatory Nos. 1−14 of Defendants' First Set of Interrogatories to Plaintiff Shed filed by Bobby Shed. (AG) (Entered: 07/14/2023) |
| 07/14/2023 | 129 | **ORDER directing defendants to file a supplement within 14 days from the date of this order indicating what portions, if any of their Motions to Compel (Docs. 116, 117) are not moot in light of Judge Mizelle's order. Signed by Magistrate Judge Thomas G. Wilson on 7/14/2023. (KMN)** (Entered: 07/19/2023) |

| | | |
|---|---|---|
| 07/17/2023 | 128 | **ORDER denying 109 Motion to Compel ; denying 110 Motion to Compel ; denying 111 Motion to Compel. Signed by Magistrate Judge Thomas G. Wilson on 7/17/2023. (KMN) (Entered: 07/18/2023)** |
| 07/20/2023 | 130 | RESPONSE in Opposition re 117 MOTION to Compel Plaintiff's Responses to Paragraph Nos. 1−32, 34−36, 38, 41, 43−49 of Defendants' First Request for Production to Plaintiff filed by Bobby Shed. (AG) (Entered: 07/24/2023) |
| 07/26/2023 | 131 | RESPONSE re 129 Order by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 07/26/2023) |
| 08/06/2023 | 132 | Plaintiff's Objections re 121 Order on Motion to Dismiss for Failure to State a Claim Order on Motion for Reconsideration / Clarification, filed by Bobby Shed. (ABC) (Entered: 08/07/2023) |
| 08/06/2023 | 133 | RESPONSE to Motion re 125 Amended MOTION for Judgment on the Pleadings filed by Bobby Shed. (Attachments: # 1 Exhibit)(ABC) (Entered: 08/07/2023) |
| 08/10/2023 | 134 | **ORDER granting 116 Motion to Compel Plaintiff's Responses to Interrogatory Nos. 1−14 of Defendants' First Set of Interrogatories to Plaintiff Shed; granting 117 Motion to Compel Plaintiff's Responses to Paragraph Nos. 1−32, 34−36, 38, 41, 43−49 of Defendants' First Request for Production to Plaintiff. Signed by Magistrate Judge Thomas G. Wilson on 8/10/2023. (KMN) (Entered: 08/11/2023)** |
| 08/18/2023 | 135 | MOTION to Compel Verified Responses to and Overcome Objections of Plaintiff's First Set of Interrogatories to Defendant Murat Munkin by Bobby Shed. (ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 08/18/2023) |
| 08/25/2023 | 136 | MOTION to Compel Production of Plaintiff's First Set of Request for Production to Defendant Murat Munkin (Set 1 Part 1) by Bobby Shed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 08/25/2023) |
| 08/25/2023 | 137 | MOTION to Compel Production of Plaintiff's First Set of Request for Production to Defendant Murat Munkin (Set 1 Part 2) by Bobby Shed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 08/25/2023) |
| 08/25/2023 | 138 | MOTION to Compel Production of Plaintiff's First Set of Request for Production to Defendant Murat Munkin ( Set 1 Part 3) by Bobby Shed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 08/25/2023) |
| 09/01/2023 | 139 | RESPONSE to Motion re 135 MOTION to Compel Verified Responses to and Overcome Objections of Plaintiff's First Set of Interrogatories to Defendant Murat Munkin filed by Murat Munkin. (McCrea, Richard) (Entered: 09/01/2023) |
| 09/04/2023 | 140 | Plaintiff's OBJECTION re 139 Response to motion by Bobby Shed by Bobby Shed. (ABC) (Entered: 09/05/2023) |
| 09/04/2023 | 141 | MOTION for Extension of Time to Complete Discovery by Bobby Shed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(ABC) (Entered: 09/05/2023) |
| 09/04/2023 | 142 | MOTION to Compel Cooperation with Discovery and Deposition by Bobby Shed. (Attachments: # 1 Exhibit 1)(ABC) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 09/05/2023) |

| | | |
|---|---|---|
| 09/08/2023 | 143 | RESPONSE to Motion re 136 MOTION to Compel Production of Plaintiff's First Set of Request for Production to Defendant Murat Munkin filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (Nieto, Andrea) (Entered: 09/08/2023) |
| 09/08/2023 | 144 | RESPONSE to Motion re 138 MOTION to Compel Production of Plaintiff's First Set of Request for Production to Defendant Murat Munkin ( Set 1 Part 3) filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (Nieto, Andrea) (Entered: 09/08/2023) |
| 09/08/2023 | 145 | RESPONSE to Motion re 137 MOTION to Compel Production of Plaintiff's First Set of Request for Production to Defendant Murat Munkin (Set 1 Part 2) filed by Murat Munkin. (Nieto, Andrea) (Entered: 09/08/2023) |
| 09/08/2023 | 146 | **ORDER granting 125 Motion for Judgment on the Pleadings. The Clerk is directed to terminate pending motions and deadlines, enter judgment in Defendant Munkin's favor, and close this case. Signed by Judge Kathryn Kimball Mizelle on 9/8/2023. (ALE)** (Entered: 09/08/2023) |
| 09/11/2023 | 147 | **JUDGMENT entered in Defendant Munkin's favor. Signed by Deputy Clerk on 9/11/2023. (JDR)** (Entered: 09/11/2023) |
| 09/15/2023 | 148 | PROPOSED BILL OF COSTS by Murat Munkin. (Attachments: # 1 Affidavit R. McCrea Affidavit)(McCrea, Richard) Modified on 10/23/2023 to change the event type to a motion per chambers request (ABC). (Entered: 09/15/2023) |
| 09/18/2023 | 149 | NOTICE of change of address by Bobby Shed (AA) (Entered: 09/18/2023) |
| 09/27/2023 | 150 | MOTION for Extension of Time to File Response/Reply as to 148 Bill of costs − proposed by Bobby Shed. (AA) (Entered: 09/27/2023) |
| 09/28/2023 | 151 | **ENDORSED ORDER: Finding good cause, the Court grants the Plaintiff's 150 Motion for Extension of Time. Plaintiff may file a response to the 148 Proposed Bill of Costs by October 13, 2023. Signed by Judge Kathryn Kimball Mizelle on 9/28/2023. (ALE)** (Entered: 09/28/2023) |
| 10/05/2023 | 152 | MOTION for Enlargement of Time to File Appeal by Bobby Shed. (AA) (Entered: 10/06/2023) |
| 10/10/2023 | 153 | RESPONSE in Opposition re 152 MOTION for Extension of Time to File Appeal filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 10/10/2023) |
| 10/10/2023 | 154 | **ENDORSED ORDER: Finding good cause, Plaintiff's 152 Motion for Extension of Time to Appeal is granted. Any appeal by Plaintiff must be filed no later than November 13, 2023.Signed by Judge Kathryn Kimball Mizelle on 10/10/2023. (ALE)** (Entered: 10/10/2023) |
| 10/13/2023 | 155 | OBJECTION re 148 Bill of costs − proposed. (AA) (Entered: 10/16/2023) |
| 10/27/2023 | 156 | RESPONSE re 155 Objection filed by Joanne Adamchack, Scott Besley, Camille Blake, Moez Limayem, Deborah McCarthy, Murat Munkin, Jianping Qi, Jaqueline Reck, Ninon Sutton, University of South Florida Board of Trustees. (McCrea, |

| | | Richard) (Entered: 10/27/2023) |
|---|---|---|
| 11/08/2023 | 157 | MOTION to Strike Defendants response to Plaintiff's objection to Defendant's proposed Bill of Costs 156 Response, by Bobby Shed. (Attachments: # 1 Exhibit)(AA) (Entered: 11/09/2023) |
| 11/13/2023 | 158 | NOTICE OF APPEAL as to 146 Order on Motion for Judgment on the Pleadings, 147 Judgment, 134 Order on Motion to Compel, 121 Order on Motion to Dismiss for Failure to State a Claim Order on Motion for Reconsideration / Clarification, by Bobby Shed. Filing fee not paid. (AA) (Entered: 11/14/2023) |
| 11/14/2023 | | USCA appeal fees received $505.00, receipt number TPA069457 re 158 Notice of Appeal, filed by Bobby Shed. (ARC) (Entered: 11/14/2023) |

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BOBBY SHED,

  Plaintiff,

v.           Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

  Defendants.

_____

## <u>ORDER</u>

Plaintiff Bobby Shed sues the University of South Florida Board of Trustees and various affiliated individuals under § 1981, § 1983, Title VII, and the Florida Whistle-blower's Act. 5th Am. Compl. (Doc. 58). Defendants move to dismiss Shed's Fifth Amended Complaint under Rule 12(b)(6). Mot. to Dismiss 5th Am. Compl. (Doc. 67). All but one of Shed's claims warrant dismissal, so the motion is granted as to all but part of Count III. Shed also moves for clarification regarding initial disclosures, which the Court resolves. Mot. for Clarification (Doc. 119).

## I. BACKGROUND

Shed was a Ph.D. student at the University of South Florida (USF) beginning in 2017. 5th Am. Compl. ¶ 9. He was provided funding as a part of this position, including

grants and a position as a graduate assistant. *Id.* ¶¶ 11, 14. Shed is "a Black, American, gay, male with disabilities." *Id.* ¶ 16.

Shed filed several internal complaints alleging racial discrimination at USF. First, on August 10, 2018, he filed a "formal, written, good faith complaint with USF's Office of Diversity Inclusion and Equal Opportunity" "based on racial treatment [he] experienced which he perceived to be incommensurate with the treatment of similarly situated individuals." *Id.* ¶¶ 17–18. Then, on September 1, 2019, he filed a complaint "which documented that USF Police issued citations to Black people" at a higher rate than their representation on campus. *Id.* ¶¶ 58–59. Finally, on March 6, 2020, Shed "submitted a formal, written, good-faith Whistleblower Report and Grievance complaint." *Id.* ¶ 86.

Shed alleges that his internal complaints were not timely reviewed and that adverse actions were taken against him after he filed them. For example, he alleges that he was denied his disability accommodations during exams, his scholarship and graduate assistant funding was withheld, and he was eventually dismissed from the Ph.D. and graduate programs. *Id.* ¶¶ 19, 42–43, 61–66. He sues USF and several members of its staff in their individual and official capacities, including Camille Blake, Joanne Adamchak, Deborah McCarthy, Moez Limayem, Jacqueline Reck, Jianping Qi, Ninon Sutton, Scott Besley, and Murat Munkin.

2

Shed originally filed this action in the Northern District of Florida in March 2022 as a shotgun pleading. Transfer Order (Doc. 7). After it was transferred to the Middle District, Shed was afforded four opportunities to file a complaint free of pleading defects. *See* Orders (Doc. 12; Doc. 18; Doc. 29; Doc. 39). Defendants now move to dismiss the fifth amended complaint for failure to state a claim.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). In addition, pro se pleadings are to be "liberally construe[d]" and held to "less stringent standards," but the court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quotations omitted).

## III.   ANALYSIS

In his fifth amended complaint, Shed brings eight claims against Defendants. 5th Am. Compl. The first alleges that USF retaliated against him by withholding his funding for filing the August 2018 complaint, in violation of 42 U.S.C. § 1981. *Id.* ¶¶ 17, 19. Count II alleges retaliation under Title VII because USF dismissed him from his Ph.D. program and the graduate school after he filed the September 2019 complaint. *Id.* ¶¶ 39, 42–43. The third count alleges that Defendant Munkin retaliated against him in violation of 42 U.S.C. § 1983 by refusing to provide academic accommodations after he filed the August 2018 and September 2019 complaints. *Id.* ¶¶ 57–59, 60–62. In Count IV, Shed alleges that USF discriminated against him by failing to handle his internal complaints in a timely and proper way in violation of Title VII. *Id.* ¶¶ 90, 95. The fifth count alleges that USF and the individual defendants in their official capacities violated the Florida Whistle-blower's Act. *Id.* ¶¶ 103–21. Count VI alleges that Adamchak violated Shed's

First Amendment rights by holding and not responding to records requests he sent to various USF officials. *Id.* ¶¶ 129–32. In Count VII, Shed alleges that Smith violated Shed's Fifth Amendment rights by failing to follow certain school grievance procedures after Shed was dismissed from the school. *Id.* ¶¶ 137–42. Finally, Count VIII requests "treble damages" for "mail tampering." *Id.* ¶¶ 145–149.

### A. Count I

Defendants argue that the Eleventh Amendment bars Shed's first claim. They are correct. In Count I, Shed sues USF, which is an arm of the State of Florida and thus entitled to sovereign immunity from damages suits unless abrogated by Congress or waived by the State. *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287–88 (11th Cir. 2003) (determining that USF has sovereign immunity); *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473–74 (1987) (articulating "certain exceptions to the reach of the Eleventh Amendment" including waiver by the State and abrogation by Congress).

Congress has not abrogated, and Florida has not waived, sovereign immunity for § 1981 actions. *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1513, 1516–17 (11th Cir. 1986) (explaining that Florida does not waive immunity for federal civil rights actions); *Henry v. Fla. Bar*, 701 F. App'x 878, 881 (11th Cir. 2017) (per curiam).

Shed also requested an injunction "preventing USF from continued violations of 42 U.S.C. § 1981." 5th Am. Compl. at 10. Although the Eleventh Amendment does not bar claims for prospective relief, *Edelman v. Jordan*, 415 U.S. 651, 664 (1974), Shed does not have standing to bring a claim for prospective relief because Shed makes no allegation of future injury, *see 31 Foster Child. v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003) ("When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury."). Shed has already been dismissed from his program at USF. 5th Am. Compl. ¶ 42–43. He makes no allegation that the alleged retaliation against him is ongoing or imminent.

In rebuttal, Shed argued in response to the Defendant's motion to dismiss his fourth amended complaint that he asserts continuing harm because his "academic and employment records were tarnished (and continue to be tarnished) by discrimination and retaliation." Resp. to Mot. to Dismiss 4th Am. Compl. (Doc. 46) at 6. But whether the effects of USF's past alleged retaliation are ongoing is beside the point. Shed fails to allege that USF continues to retaliate against him.

Shed also claims in the fifth amended complaint that his personally identifying information "was improperly disclosed to at least three individuals" and he therefore suffers a real and immediate threat of future injury. 5th Am. Compl. ¶¶ 36–37. This disclosure though does not save his prospective relief claim. First, the alleged improper disclosure

6

occurred "in connection with this litigation," not in retaliation for his internal complaint. *Id.* ¶ 36. Second, Shed does not allege facts that USF *continues* to disclose his information in retaliation, only that it "was improperly disclosed to at least three individuals" in the past. *Id.* Thus, Shed lacks standing to seek prospective relief under Count I and the Eleventh Amendment bars any claim for damages. Count I is dismissed.

### B.  Count II

Defendants argue that Shed fails to state a cause of action under Title VII in Count II. To successfully establish a Title VII retaliation claim against an employer, "a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). To establish that he engaged in statutorily protected activity, "a plaintiff must show that [he] 'had a good faith, reasonable belief that the employer was engaged in unlawful employment practices.' " *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1301 (11th Cir. 2002) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). Of course, not all acts taken by employers are unlawful employment practices. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice *by this subchapter* . . . ." (emphasis added)). Title VII generally prohibits

7

discrimination in employment based on certain protected characteristics. But it "is not a general bad acts statute" and "it does not prohibit . . . employers from retaliating against an employee based on her opposition to discriminatory practices that are outside the scope of Title VII." *Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011).

Here, Shed does not allege that USF retaliated against him for complaining about an *employment* practice made unlawful by Title VII. Instead, he alleges that USF retaliated against him by decreasing his funding after complaining about USF Police's alleged discrimination. Therein lies Shed's pleading problem: whether true or not, USF Police's treatment of *private* individuals is not an *employment* practice. *See, e.g., Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 135–36 (2d Cir. 1999) (determining that plaintiff failed to make out retaliation claim when he reported racial treatment of private citizens by employees); *Bakhtiari v. Lutz*, 507 F.3d 1132, 1137 (8th Cir. 2007) ("Complaining about an entity's actions outside the ambit of an employment practice is unprotected by Title VII." (internal quotations omitted)).

Shed also appears to allege that USF retaliated against him when he complained about the decreased funding, which was in his view retaliation. 5th Am. Compl. ¶ 40. The argument looks to be that USF decreased his funding in retaliation for his complaining about USF Police practices, and then USF dismissed him in retaliation for complaining about the decreased funding. But retaliation for complaining about a non-employment

8

related practice is also not a "practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Thus, Shed's complaints about USF Police actions and his decreased funding are not protected from retaliation so he fails to state a claim under Title VII.

### C. Count III

In Count III, Shed sues Munkin "in his official and individual capacities" for violations of § 1983 by refusing to provide academic accommodations. 5th Am. Compl. at 16. Because an official capacity suit "generally represent[s] only another way of pleading an action against an entity of which the officer is an agent," it is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Just as USF is immune from suits under § 1981, USF is also immune from suits for damages under § 1983. Shed lacks standing for injunctive relief, so any action against Munkin in his official capacity fails. *Supra* section III.A; *Gamble*, 779 F.2d at 1511 (explaining that Florida does not waive immunity for § 1983 claims).

Defendants do not argue that Shed's claim against Munkin in his individual capacity fails to state a claim, but the Court suspects it would if Defendants moved for judgment on the pleadings. Shed alleges that Munkin refused his disability accommodations in retaliation for Shed's race-based complaints, citing the Fourteenth Amendment. 5th Am. Compl. at 16. The Court is unaware of any cases recognizing a cause of action for

retaliation based on the Equal Protection Clause. *See Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997) ("A pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause."); *Underwood v. Boisot*, No. 7:07-CV-01228, 2008 WL 11422055, at *3 (N.D. Ala. Mar. 4, 2008). Thus, Count III, in part, survives.

### D. Count IV

Defendants argue that Shed fails to state a Title VII employment discrimination claim in Count IV. Title VII makes it unlawful for an employer "to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). But not all actions taken by an employer constitute adverse employment actions. "[T]o support a claim under Title VII's anti-discrimination clause[,] the employer's action must impact the 'terms, conditions, or privileges' of the plaintiff's job in a real and demonstrable way." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). This is an objective inquiry, so "the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.*

Here, Shed alleges that USF handled his internal complaints less effectively because of his race. But the handling of internal complaints is not an adverse employment action because it has no bearing on a term, condition, or privilege of his employment. *See id.*;

10

28

*Everson v. Coca-Cola Co.*, 241 F. App'x 652, 653 (11th Cir. 2007) (holding that "failure to respond to [plaintiff's] internal complaints" did not constitute an adverse employment action because it is not the "type[] of action[] that would have any 'material' affect on her employment"). Thus Count IV fails to state a claim.

### E. Count V

Defendants argue that Count V, which alleges violation of Florida's Whistle-blower's Act, should be dismissed for the same reason as Count IV—Shed fails to show an adverse employment action taken against him. The Florida Whistle-blower's Act bars state or local agencies or independent contractors from "dismiss[ing], disciplin[ing] or tak[ing] any other adverse personnel action against an employee for disclosing" certain information, like violations of the law by the agency. § 112.3187(4)(a), Fla. Stat. The Act defines adverse personnel action as "the discharge, suspension, transfer, or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor." *Id.* § 112.3187(3)(c). And the Act further bars the agency or independent contractor from "tak[ing] any adverse action that affects the rights or interests of a person in retaliation for" the person's protected disclosure. *Id.* § 112.3187(4)(b).

While the Act seems to define "adverse action" more broadly than Title VII, to include more than an adverse *employment* action, Shed fails to allege any adverse action

11

taken against him after, or because of, his "Whistleblower Report and Grievance." 5th Am. Compl. ¶ 116. Thus, he fails to state a claim under the Florida Whistle-blower's Act.

### F.  Count VI

Defendants argue Count VI fails to state a plausible First Amendment claim against Adamchak because "[t]here is no constitutional right to have access to particular government information." Mot. to Dismiss 5th Am. Compl. at 15 (quoting *Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978)). The Court agrees. The First Amendment does not give Shed the right to public records. *See Foto USA, Inc. v. Bd. of Regents of Univ. Sys. of Fla.*, 141 F.3d 1032, 1035 (11th Cir. 1998) ("There is no First Amendment right of access to public information."). Thus, Count VI is dismissed.

### G. Count VII

Defendants argue this count fails to state a claim under the Fifth Amendment against Smith. In this claim, Shed alleges that after he was dismissed, he "wrote to Provost Dwayne Smith requesting that an evaluation that had been withheld be released," because he wanted to "use the evaluation in his grievance." 5th Am. Compl. ¶ 137. Smith refused to provide the evaluation and told Shed that his time to submit a grievance had expired. *Id.* ¶ 138. Shed claims that the period had not yet expired, and Smith therefore "truncated and attenuated" his time to appeal his dismissal from the school, violating his Fifth Amendment right to due process. *Id.* ¶ 139–40.

12

This claim fails for several reasons. First, the Fifth Amendment applies to the federal government, not Florida. *See Bartkus v. People of State of Ill.*, 359 U.S. 121, 124 (1959). Second, even if Shed's claim is construed as one under the Fourteenth Amendment Due Process Clause, he fails to state a claim. "[T]he mere failure to follow state procedures does not necessarily rise to the level of a violation of federal procedural due process rights." *Maddox v. Stephens*, 727 F.3d 1109, 1124 n.15 (11th Cir. 2013). Shed had the ability to seek judicial review of his dismissal in Florida court. *See Louis v. Univ. of S. Fla*, 181 So. 3d 578, 579 (Fla. 2d DCA 2016) (noting that USF's disciplinary sanctions are "reviewable by certiorari in the appropriate circuit court"). Where a plaintiff "failed to take advantage of available state remedies, he cannot show that he was denied procedural due process." *Doe v. Valencia Coll.*, 903 F.3d 1220, 1234 (11th Cir. 2018) (footnote omitted). Shed alleges only that he was denied the full appeal time that the school gave him; he does not allege an absence of other processes or that he took advantage of all available state processes. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir 2007) (affirming dismissal of due process claim because "[o]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation become actionable"). Count VII is therefore dismissed.

13

### H. Count VIII

Defendants argue Count VIII fails because it does not specify which defendant it pertains to and because there is no civil remedy for mail tampering. The Court agrees. As already explained to Shed regarding his first and second amended complaints, a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1323 (11th Cir. 2015); Order on Am. Compl. (Doc. 18) at 2. This count does not specify which defendant allegedly tampered with the mail. Additionally, while this count—titled "Treble Damages"—appears to allege mail tampering, Shed identifies no law that was violated by the alleged tampering. Although federal law makes it a crime to tamper with the mail, it provides no private cause of action for mail tampering. *See Johnson v. Champions*, 990 F. Supp. 2d 1226, 1246 (S.D. Ala. 2014) ("federal courts have consistently refused to recognize civil claims for mail-tampering crimes"); *Durso v. Summer Brook Pres. Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D. Fla. 2008) (Fawsett, C. J.) (same); *Whitney v. U.S. Postal Serv.*, 101 F.3d 686, 686 (2d Cir. 1996). Thus, Count VIII is dismissed.

14

## I. Motion to Strike

Defendants also request that the Court strike Shed's request for punitive and liquidated damages. Because only part of Count III survives the motion to dismiss, the Court will address the motion to strike Shed's damages requests only under that count.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (Morris, Mag. J.) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002) (Kovachevich, J.); *In re Sunbeam Secs. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999) (Middlebrooks, J.)); *see also Belmer v. Ezpawn Fla., Inc.*, 8:20-cv-1470, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting that a Court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters" (quotation omitted)). Thus, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or

otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Kovachevich, J.).

Here, Defendants' argument is that USF, as an arm of the state, is exempt from such damages. Mot. to Dismiss 5th Am. Compl. at 20. But the claim that survives dismissal is against Munkin in his individual capacity, not against USF. Thus, the Court will not strike the damages requests on this basis.

### J.  Motion for Clarification

Finally, Shed moves for clarification regarding "whether or not attorneys are required to update their notices of appearance and/or Initial Disclosures to reflect whom the attorneys represent and in what capacity if there are changes to parties and/or the parties capacities in an Amended Complaint." Mot. for Clarification at 3.  The Court may not provide legal advice, but Shed is free to consult the Middle District's resources for pro se litigants. *See Litigants Without Lawyers*, MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/litigants-without-lawyers (last visited July 10, 2023).

## IV.   CONCLUSION

Counts I, II, and IV–VIII fail to state a claim, but Count III survives against Munkin in his individual capacity. Accordingly, the following is **ORDERED**:

1.     Defendants' Motion to Dismiss (Doc. 67) is **GRANTED in part**.

2.     Defendants' Motion to Strike (Doc. 67) is **DENIED**.

3.    Shed's Motion for Clarification (Doc. 119) is **RESOLVED**.

4.    Defendants must answer Count III by **July 31, 2023**.

**ORDERED** in Tampa, Florida, on July 10, 2023.

Kathryn Kimball Mizelle
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY SHED,

     Plaintiff,

v.                                                            CASE NO. 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

     Defendants.

_____/

## O R D E R

THIS CAUSE came on for consideration upon the Defendants' Motions to Compel (Docs. 116, 117).

Previously, I issued an order directing the defendants to indicate what portions, if any, of their motions were not moot in light of United States District Judge Kathryn Kimball Mizelle's order granting in part and denying in part the Defendants' Motion to Dismiss (Doc. 67) (see Doc. 128). The defendants filed a supplement that identified what portions of their motions were not moot (Doc. 131). Additionally, the plaintiff filed responses in opposition to the defendants' motions after the issuance of my order (Docs. 130, 133). The defendants' motions will be granted, to the extent they are not moot.

"Parties may obtain discovery regarding any nonprivileged matter that

is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In its motions, the defendants have identified items that are both relevant and proportional to the needs of the case. And, importantly, the plaintiff has not adequately objected to them. Thus, "[g]eneral objections to discovery requests as a whole are not proper." Doe v. Rollins College, 618CV1069ORL37KRS, 2019 WL 11703980 at *1 (M.D. Fla. Feb. 27, 2019). Further, "[s]pecific objections should be matched to specific" interrogatories or requests for production. Jackson v. Geometrica, Inc., 3:04CV640J20HTS, 2006 WL 213860 at *1 (M.D. Fla. Jan. 27, 2006).

As noted by the defendants, the plaintiff asserted general objections and did not specifically respond to the discovery requests. Thus, for instance, the defendants state that in response to the various requests for production identified in their second motion to compel, the plaintiff merely "responded with a 2-page global objection" (Doc. 117, p. 1). Moreover, his responses to the motions do not remedy this error. "[O]bjections that are simply made as general blanket objections will be overruled by the Court." Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co., 209-CV-599-FTM-99SPC, 2010 WL 2330286 at *1 (M.D. Fla. June 10, 2010).

It is, therefore, upon consideration,

ORDERED:

That the Defendants' Motions to Compel (Docs. 116, 117) be, and the

same are hereby, **GRANTED**. Thus, the plaintiff must provide the defendants with answers or items responsive to the following discovery requests within **21 days of the date of this order**:

1. Interrogatory Nos. 7-8 of the Defendants' First Set of Interrogatories to Plaintiff Shed.

2. Interrogatory Nos. 11-14 of the Defendants' First Set of Interrogatories to Plaintiff Shed.

3. Requests for Production Nos. 1-2 of the Defendants' First Requests for Production to Plaintiff.

4. Request for Production No. 4 of the Defendants' First Requests for Production to Plaintiff.

5. Requests for Production Nos. 18-26 of the Defendants' First Requests for Production to Plaintiff.

6. Request for Production No. 34 of the Defendants' First Requests for Production to Plaintiff.

7. Request for Production No. 36 of the Defendants' First Requests for Production to Plaintiff.

8. Request for Production No. 41 of the Defendants' First Requests for Production to Plaintiff.

9. Requests for Production Nos. 43-49 of the Defendants' First Requests for

Production to Plaintiff.

DONE and ORDERED at Tampa, Florida, this 10th day of August, 2023.

Thomas G. Wilson

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BOBBY SHED,

     Plaintiff,

v.                        Case No: 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

     Defendants.

_____

## ORDER

The sole remaining claim brought by Plaintiff Bobby Shed is against his former professor Murat Munkin under 42 U.S.C. § 1983 for violating his constitutional rights under the Equal Protection Clause by denying him disability accommodations in retaliation for making race-based complaints. 5th Am. Compl. (Doc. 58) ¶¶ 54–77. Munkin moves for judgment on the pleadings, arguing that this count for retaliation under the Fourteenth Amendment fails to state a claim for relief. (Doc. 125.). The Court grants the motion.

## I.   BACKGROUND

Shed was a Ph.D. student at the University of South Florida (USF) beginning in 2017. 5th Am. Compl. ¶ 9. He was provided funding as a part of this position, including

grants and a position as a graduate assistant. *Id.* ¶ 11, 14. Shed is "a Black American, gay male with disabilities." *Id.* ¶ 16.

Shed filed several internal complaints alleging racial discrimination at USF. First, on August 10, 2018, he filed a "formal, written, good faith complaint with USF's Office of Diversity Inclusion and Equal Opportunity" "based on racial treatment [he] experienced which he perceived to be incommensurate with the treatment of similarly situated individuals." *Id.* ¶¶ 17–18. Then, on September 1, 2019, he filed a complaint "which documented that USF Police issued citations to Black people" at a higher rate than their representation on campus. *Id.* ¶¶ 58–59. Finally, on March 6, 2020, Shed "submitted a formal, written, good-faith Whistleblower Report and Grievance complaint." *Id.* ¶ 86.

Shed alleges that his internal complaints were not timely reviewed and that adverse actions were taken against him after he filed them. For example, he alleges that his scholarship and graduate assistant funding was withheld and he was eventually dismissed from the Ph.D. and graduate programs. *Id.* ¶¶ 19, 42–43. Specifically concerning Munkin, Shed alleges that Munkin "provided Plaintiff with a cumulative final exam instead of an exam comparable to the one he provided to and announced to the class which was non-cumulative." *Id.* ¶ 61. And Shed alleges that Munkin denied him extra time on quizzes and opportunity to reschedule quizzes, neither of which happened prior to Shed filing his complaints. *Id.* ¶¶ 65–66.

2

Shed commenced this action against USF and several members of its staff in their individual and official capacities, including Camille Blake, Joanne Adamchak, Deborah McCarthy, Moez Limayem, Jacqueline Reck, Jianping QI, Ninon Sutton, Scott Besley, and Murat Munkin. After transfer and multiple rounds of repleading due to defects in the complaint, Defendants filed a motion to dismiss the Fifth Amended Complaint. The Court dismissed all claims in the Fifth Amended Complaint except Count III, to the extent Shed asserts a claim against Munkin in his individual capacity for retaliation under the Fourteenth Amendment. (Doc. 121.) Munkin now moves for judgment on the pleadings because Count III fails as a matter of law. Mot. for J. on Pleadings (Doc. 125) at 4–9.

## II.   LEGAL STANDARD

"Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000) (citation omitted). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citation omitted). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion for judgment on the pleadings, a court must accept the facts in the complaint as true and view

3

them in the light most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, <u>774 F.3d 1329, 1335</u> (11th Cir. 2014). "[D]ocuments that are not a part of the pleading may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id.* at 1340 n.12 (citations omitted).

## III.   ANALYSIS

Count III alleges that Munkin refused Shed his disability accommodations in retaliation for making race-based complaints, citing the Equal Protection Clause of the Fourteenth Amendment. 5th Am. Compl. ¶¶ 54–77. Shed does not allege he was retaliated against on account of his race, but rather because he filed internal complaints alleging race discrimination at USF. *See id.* ¶¶ 64–66, 68, 73. Shed's problem is that the Equal Protection Clause of the Fourteenth Amendment does not include a cause of action for general retaliation. Thus, Shed has failed to state a plausible claim for relief in Count III.

Neither the Supreme Court nor the Eleventh Circuit has recognized an equal protection right to be free from retaliation. Quite the opposite. The Eleventh Circuit has held that "[a] pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause." *Watkins v. Bowden*, <u>105 F.3d 1344, 1354</u> (11th Cir. 1997) (citations omitted); *see also Ratliff v. DeKalb Cnty., Ga.*, <u>62 F.3d 338, 341</u> (11th Cir. 1995) ("[N]o

4

established right exists under the Equal Protection Clause to be free from retaliation.").[1] Because Shed does no more than claim Munkin violated his equal protection rights by retaliating against him for filing race-based complaints, *see* 5th Am. Compl. ¶¶ 61–72, his equal protection claim fails as a matter of law, even accepting all allegations as true. Put differently, if Munkin did in fact intentionally retaliate against Shed by denying him disability accommodations and giving him a harder final exam because Shed filed race-based complaints, that conduct, although objectionable, does not give rise to a retaliation claim under the Equal Protection Clause. And although the I hold pro se pleadings to "less stringent standards," I "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quotations omitted).

Even assuming Shed's equal protection claim was somehow plausible, Munkin would be entitled to qualified immunity. Mot. for J. on Pleadings at 5–8. "The right to be free from retaliation is clearly established as a *first amendment* right and as a *statutory* right under Title VII; but no clearly established right exists under the *equal protection* clause to be free from retaliation." *Ratliff*, 62 F.3d at 340. Thus, because "no established right exists under the equal protection clause to be free from retaliation," even accepting as true all facts

---

[1] Six other Courts of Appeals have also held that the Equal Protection Clause cannot sustain a general, pure claim of retaliation. *Wilcox v. Lyons*, 970 F.3d 452, 461–62 (4th Cir. 2020) (collecting cases).

as true and construing them in the light most favorable to Shed, Shed cannot demonstrate that Munkin violated a clearly established constitutional right under the Equal Protection Clause. *Ratliff*, 62 F.3d at 341 (reversing the district court's denial of qualified immunity on the plaintiff's equal protection claim because there is no clearly established right to be free from retaliation under the Equal Protection Clause); *see also Watkins*, 105 F.3d at 1354 (collecting cases).

Shed filed an untimely response, arguing at length that the "undisputed material facts satisfy the elements of retaliation and discrimination" and therefore, judgment should be entered in his favor. Pl.'s Resp. (Doc. 133) at 7–19. But Shed cannot avoid precedent which forecloses his claim of retaliation under the Equal Protection Clause. *Watkins*, 105 F.3d at 1354. Further, the cases Shed cites are from another circuit and do no displace Eleventh Circuit precedent or its authority in this Court. *See* Pl.'s Resp. at 13 (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 80 (2d Cir. 2015); *Lewis v. City of Norwalk*, 562 F. App'x 25, 29 (2d Cir. 2014)).

## IV. CONCLUSION

Shed has not stated a plausible claim for relief in Count III. Because that is the only claim remaining after four opportunities for amendment, Defendant Munkin is entitled to judgment on the pleadings. The following is **ORDERED:**

6

1.     Defendant Munkin's motion for judgment on the pleadings (<u>Doc. 125</u>) is

**GRANTED.**

2.     The Court construes Plaintiff's objections (<u>Doc. 132</u>) to the Court's Order

on Defendants' Motion to Dismiss (<u>Doc. 121</u>) as a motion for

reconsideration. The motion for reconsideration (<u>Doc. 132</u>) is **DENIED**.

3.     The Clerk is directed to **TERMINATE** any pending motions and

deadlines, to enter **JUDGMENT** in Defendant Munkin's favor, and to

**CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 8, 2023.

Kathryn Kimball Mizelle
United States District Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BOBBY SHED,

     Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, CAMILLE
BLAKE, Attorney, in her official
capacity, DEBORAH MCCARTHY,
Ms., in her official capacity, MOEZ
LIMAYEM, Dean, in his official
capacity, JAQUELINE RECK,
Associate Dean, in her official
capacity, JIANPING QI, Professor, in
his official capacity, NINON
SUTTON, Professor, in her official
capacity, MURAT MUNKIN,
Professor, in his official capacity,
JOANNE ADAMCHACK, Attorney,
in her official capacity, and SCOTT
BESLEY, Professor, in his official
capacity,

     Defendants.

Case No. 8:22-cv-1327-KKM-TGW

_____

# JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

That pursuant to the Court's Order entered on September 8, 2023, judgment

entered in Defendant Munkin's favor.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: September 11, 2023

ELIZABETH M. WARREN,
CLERK

<u>s/JR, Deputy Clerk</u>

Copy to:

Counsel of Record
Unrepresented Parties

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291**: Final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. § 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(b); Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272 (11th Cir. 1998). However, under 28 U.S.C. § 636(c)(3), the Courts of Appeals have jurisdiction over an appeal from a final judgment entered by a magistrate judge, but only if the parties consented to the magistrate's jurisdiction. McNab v. J & J Marine, Inc., 240 F.3d 1326, 1327-28 (11th Cir. 2001).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a)**: Under this section, appeals are permitted from the following types of orders:
       i. Orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions; However, interlocutory appeals from orders denying temporary restraining orders are not permitted.
       ii. Orders appointing receivers or refusing to wind up receiverships; and
       iii. Orders determining the rights and liabilities of parties in admiralty cases.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the order or judgment appealed from is entered. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend or reopen the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time to file an appeal may be reopened if the district court finds, upon motion, that the following conditions are satisfied: the moving party did not receive notice of the entry of the judgment or order within 21 days after entry; the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice, whichever is earlier; and no party would be prejudiced by the reopening.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court lacks jurisdiction, i.e., authority, to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA**

**801 North Florida Avenue | Tampa, Florida 33602**


BOBBY SHED,

Pro Se Plaintiff,


vs.                              CASE NO. 8:22-cv-01327-KKM-TGW


UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,

Provost Dwayne Smith, in his official and individual capacities,

Atty. Camille Blake, in her official and individual capacities,

Atty. Joanne Adamchak, in her official and individual
capacities,

Dir. Deborah McCarthy, in her official and individual
capacities,

Dean Moez Limayem, in his official and individual capacities,

Dean Jacqueline Reck, in her official and individual capacities,

Prof. Jianping Qi, in his official and individual capacities,

Prof. Ninon Sutton, in her official and individual capacities,

Prof. Scott Besley, in his official and individual capacities,
and

Prof. Murat Munkin, in his official and individual capacities,

Defendants.


<u>Notice of Appeal to a Court of Appeals From a Appealable/Order
Judgment of a District Court</u>


Comes now Pro Se Plaintiff, Bobby Shed (hereinafter "Shed" or
"Plaintiff") and files Notice of Appeal.

1

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## 801 North Florida Avenue | Tampa, Florida 33602

```
Docket Number:  8:22-cv-01327-KKM-TGW

BOBBY SHED,
Pro Se Plaintiff,


v.


UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,
Dwayne Smith, in his official and individual
capacities,
Camille Blake, in her official and individual
capacities,
Joanne Adamchak, in her official and individual
capacities,
Deborah McCarthy, in her official and individual
capacities,
Moez Limayem, in his official and individual
capacities,
Jacqueline Reck, in her official and individual
capacities,
Jianping Qi, in his official and individual
capacities,
Ninon Sutton, in her official and individual
capacities,
Scott Besley, in his official and individual
capacities, and
Murat Munkin, in his official and individual
capacities,
Defendants.
```

**NOTICE OF APPEAL**

2

**Notice Is Hereby Given** that Pro Se Plaintiff Bobby Shed hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Final Judgment in this matter (Document #147 filed on 11-September-2023) along with the orders and matters that buttress the Final Judgment including (but not limited to): the Order that grants  Judgment on Pleadings in favor of Defendant Murat Munkin and denies reconsideration of dismissed counts (Document #146 filed on 08-September-2023); the Order on Defendants' Motion to Dismiss (Document #121 filed on 10-July-2023); the Orders denying discovery to Plaintiff Shed and granting Discovery to Defendants (Document #134 filed on 10-August-2023); and other matters preserved by Objections filed by Plaintiff.

**Timeliness:** This Notice of Appeal is timely in that the District Court granted an enlargement of time for Plaintiff Shed to appeal.  Please see Document #154 resetting Plaintiff Shed's appeal deadline to 13-November-2023.

**Filing Fees:**  Filing fees for this present Notice of Appeals will be submitted to the Clerk's Office via mail or personal courier as instructed.


Most Humbly Submitted,


    Dated:  13-November-2023

    By:  /s/ Bobby Shed
         Bobby Shed
         4601 East Moody Blvd Unit E8-4
         Bunnell, FL 32110
         Phone: (386)235-0133
         Fax: 888-310-3591
         Email: ShedBobby@GMail.com with copy to BobbyShed@PM.ME


CERTIFICATE OF SERVICE

I hereby certify that on 13-November-2023, I filed the foregoing with the Clerk

3

of the Court which should cause the Defendants' attorney of record and additional Counsel to receive notification electronically.

Richard C. McCrea, Jr. | Florida Bar No. 351539 | Email: mccrear@gtlaw.com
-and-
Cayla M. Page | Florida Bar No. 1003487 | Email: mccreac@gtlaw.com
GREENBERG TRAURIG, P.A.
-and-
Andrea E. Nieto | Florida Bar No. 98039 | Email: andrea.nieto@gtlaw.com
101 E. Kennedy Boulevard, Suite 1900 Tampa, FL 33602
Telephone: (813) 318-5700 | Facsimile: (813) 318-5900
*Attorneys for Defendants*

4