# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BOBBY SHED,

     Plaintiff,

v.                   CASE NO. 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Defendants' Bill of Costs (Doc. 148). The plaintiff has filed an objection in response (see Doc. 155). The matter was referred to me by United States District Judge Kathryn Kimball Mizelle. For the reasons discussed, I recommend that the defendants be awarded their costs of $2,042.34.

I.

In this matter, the plaintiff, Bobby Shed, was a Ph.D. student at the University of South Florida ("USF") beginning in 2017 (Doc. 58, p. 4, ¶9). The plaintiff was also a graduate assistant and, in that role, he received funding and grants (id., pp. 4, 5, ¶¶11, 14). From 2018 through 2020, the plaintiff filed several internal complaints with USF wherein he alleged racial discrimination against himself and

1

others at the university (id., p. 6, ¶¶17–18, p. 17, ¶¶58–59, p. 26, ¶86). The instances of racial discrimination appear to be based on various statistics gathered by the plaintiff, such as the USF police force issuing more citations to black students versus their counterparts (id., p. 11, ¶40).

In March 2022, the plaintiff filed his initial complaint against USF and several of its staff members, including Professor Murat Munkin, in their official capacities. The plaintiff ultimately filed a Fifth Amended Complaint (Doc. 58), which became the operative complaint in this matter. In that complaint, the plaintiff asserts that his internal complaints were not reviewed in a timely manner and, moreover, that adverse actions were taken against him for the filing of the lawsuit. For instance, he asserts that his funding was withheld by USF and, ultimately, that he was dismissed from the Ph.D. program altogether (id., p. 12, ¶42). Further, the plaintiff specifically asserts that Professor Munkin refused to allow the plaintiff to utilize his disability accommodations during his exams, among other things (id., pp. 17–18, ¶¶60–66).

The defendants filed a motion to dismiss the plaintiff's Fifth Amended Complaint (Doc. 67). United States District Judge Kathryn Kimball Mizelle dismissed all of the claims except Count III, the plaintiff's retaliation claim, but let it stand only to the extent it was asserted against Professor Murat in his individual capacity (see Doc. 121). Thus, Professor Murat was the sole remaining defendant.

2

Then, Professor Murat moved for judgment on the pleadings (Doc. 125), where he asserted that Count III failed as a matter of law. Judge Mizelle granted Professor Murat's motion and judgment was entered in his favor (Docs. 146, 147).

Shortly after judgment was entered, the defendants filed a Proposed Bill of Costs (Doc. 148). The plaintiff requested an extension of time to file an objection to the bill of costs, which Judge Mizelle granted (see Docs. 150, 151). Thus, the plaintiff filed his objection and the defendants filed a response in opposition (see Docs. 155, 156). The plaintiff moved to strike the defendants' response (Doc. 157). I issued an order striking the defendants' response as an impermissible reply and denied the plaintiff's motion to strike as moot (Docs. 161, 162). Thus, only the defendants' Proposed Bill of Costs (Doc. 148) and the plaintiff's Objection (Doc. 155) will be reviewed.

## II.

As an initial matter, the plaintiff makes the same objection to each category of costs. Specifically, he asserts that, because judgment was entered only in favor of Professor Munkin in his individual capacity and, thus, he is the prevailing party, the "Bill of Costs [must] show[] that the . . . costs were incurred for Defendant Murat Munkin in his individual capacity" (Doc. 155, p. 4). This argument is meritless, as the other defendants were dismissed on their motion so that they are the prevailing parties.

3

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party." As the party seeking an award of costs, the defendants bear the burden of submitting a request that allows the court to determine the costs incurred by the party and the party's entitlement to those costs. See Loranger v. Stierham, 10 F.3d 776, 784 (11th Cir. 1994). Further, the Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). The Court is permitted to allow the prevailing party to tax the costs enumerated in 28 U.S.C. § 1920.

The defendants are clearly the prevailing party since, as indicated, Judge Mizelle granted the defendants' motion to dismiss, except as to Professor Murat, but then later granted Professor Murat's motion for judgment on the pleadings.

The defendants seek the following costs (1) fees for service of a subpoena, totaling $29.34, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, totaling $2,013.00, and (3) fees and disbursements for printing, totaling $185.00 (Doc. 148, p. 1). Thus, in sum, the defendants request $2,227.34 in costs. In support of their motion, the defendants

provide the sworn affidavit of attorney Richard C. McCrea, Jr., with the law firm Greenburg Traurig, P.A. (see Doc. 148-1). Thus, the affidavit provides—albeit sparse—additional explanation for the costs.

1. Fees for Service of Subpoena

Fees for service of process are compensable under 28 U.S.C. § 1920(1), as long as they do not exceed the statutory limitations set forth in § 1921(1). See United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (providing that "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921").

The defendants seek to tax $29.34 in costs associated with the service of a subpoena dues tecum to Home Wise Realty (Doc. 148-1, p. 2). It appears that the defendants used a private process server (id., pp. 2, 5). Fees of private process servers can only be taxed if those fees do not exceed the amount authorized by statute and the current amount permitted is "$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3)[1];

_____

[1] See Andrews v. Marshall, 2:16-CV-814-SPC-MRM, 2021 WL 3888208 at *3 (M.D. Fla. Aug. 16, 2021), report and recommendation adopted, 2:16-CV-814-SPC-MRM, 2021 WL 3883705 (M.D. Fla. Aug. 31, 2021); See also Brannon v. Finkelstein, 10-61813-CIV, 2017 WL 1395171 at *13 (S.D. Fla. Feb. 1, 2017), report and recommendation approved, 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017) (providing that "28 C.F.R. § 0.114 [] was amended in October of 2013 to increase the U.S. Marshal's charge by $10").

see also United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 624.

The plaintiff's only cogent assertion is that "the subpoenas served on Home Wise Realty were unnecessary as Plaintiff disclosed income documentation including taxes in the process of discovery" (Doc. 155, p. 7). This argument is not meritorious. The plaintiff objected to the service of the subpoena duces tecum during the course of discovery and I denied that objection, thus allowing the subpoena to be served (see Docs. 79, 113). Therefore, I recommend that the defendants be permitted to tax the $29.34 in costs associated with the service of the subpoena duces tecum.

2.  Fees for Printed or Electronically Recorded Transcripts

The defendants seek to tax the fees for a printed or electronically recorded transcript necessarily obtained for use in the case, totaling $2,013.00. Importantly, this is for the deposition of the plaintiff.

The deposition transcript cost is authorized by § 1920(2). United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 621; see also Blanco v. Biscayne Wine Group, LLC, No. 10-23988-CIV, 2014 WL 2653922 at *4 (S.D. Fla. June 13, 2014) (providing that "'a deposition taken within the proper bounds of discovery . . . will normally be deemed to be necessarily

6

obtained[] for use in the case and its costs will be taxed[.]'") (internal citation omitted). The plaintiff contends that his deposition was not necessary because of his preexisting illnesses and that the "[d]efendants did not seek to clear Plaintiff medically for a deposition" (Doc. 155, p. 4). This contention is baseless, as evidenced by the fact that the plaintiff provides no legal support for it. Moreover, the deposition of the plaintiff is clearly necessary in this matter. Thus, I recommend that the defendants be permitted to tax the $2,013.00 in costs associated with the deposition of the plaintiff.

### 3. Fees and Disbursements for Printing

Lastly, the defendants seek to tax the fees and disbursements for printing, totaling $185.00. Thus, the defendants indicate that this amount is for the printing costs invoiced by Home Wise Realty for its response to the defendants' subpoena duces tecum (Doc. 148-1, pp. 3, 7).

Section 1920(4) permits reimbursement for photocopying "necessarily obtained for use in the case." United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 623 (internal citation omitted); Smith v. Secretary, Florida Department of Corrections, 598 Fed. Appx. 738, 739 (11th Cir. 2015) ("Copying costs may be awarded for any copying the prevailing party could have reasonably believed was necessary."). Categories of taxable costs include copies attributable to discovery, pleadings, documents provided to the opposing

party, and documents provided to the court for its consideration. <u>See</u> <u>Carroll</u> v. <u>Carnival Corp.</u>, No. 16-20829-CIV, 2018 WL 1795469 at *6 (S.D. Fla. Feb. 6, 2018), <u>report and recommendation adopted as modified,</u> No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018).

The plaintiff asserts that adequate documentation has not been provided to conclude that these costs are necessary (Doc. 155, p. 6). Thus, the plaintiff points out that the $185.00 amount is based on an internal communication at the law firm, not a direct invoice from Home Wise itself (<u>id</u>.). Moreover, there is nothing in defense counsel's affidavit or the attached exhibit (Doc. 48-1, p. 2) that sheds any light on the necessity for printing these documents. Thus, I recommend that the defendants be denied the $185.00 costs associated with the copying costs for documents responsive to the subpoena duces tecum.

III.

For the foregoing reasons, I recommend that the Defendant's Bill of Costs (Doc. 148) be granted to the extent that the defendant be awarded $2,042.34 in costs.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2023.

8

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.