UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY SHED,

    Plaintiff,

v.                                                     Case No. 8:22-cv-1327-KKM-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____

## ORDER

On November 29, 2023, the United States Magistrate Judge entered a Report and Recommendation (Doc. 167), recommending that Defendants' Proposed Bill of Costs be granted in part and denied in part. Plaintiff Bobby Shed filed Objections to the Report and Recommendation, asserting that Defendants' request for fees should be denied in its entirety. (Doc. 170) at 2, 11. Defendants did not file a response to Shed's objections.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir.

1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

The Magistrate Judge recommends that Defendants be awarded $2,042.34 in fees for service of a subpoena and fees for printing or electronically recording the transcript of Shed's deposition. R&R at 1, 5–7. But the Magistrate Judge recommends denying Defendants' request for $185.00 in fees for printing. R&R at 7–8.

Shed raises two general objections to the report and recommendation. First, Shed contends that Defendants should not be awarded fees for recording his deposition because it was unnecessary, and Defendants did not provide sufficient documentation to accompany their request for fees. Obj. at 3–10. Second, Shed asserts that Defendants' request for fees—including fees for service of a subpoena—should be denied because "his case raises an important question of law" that is pending appeal before the Eleventh Circuit. *Id.* at 10–11. Both objections lack merit.

First, Defendants' request for fees for Shed's printed or electronically recorded transcript is proper because the deposition was necessary. Under Rule 54, a prevailing party may recover the cost of taking a deposition if the deposition was "necessarily obtained for use in the case." 28 U.S.C. 1920(2). But if a party took a deposition for its own convenience,

2

it cannot recover fees for that deposition. *EEOC. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Whether a deposition is necessary depends on the facts of a case and is within the discretion of the district court to determine if the deposition was obtained for use in the case. *Id.* at 621.

Shed contends that his deposition was not necessary because it was not "used" in this case. Obj. at 10. Shed is mistaken. Defendants took Shed's deposition within the proper course of discovery. *See* (Doc 148-1) at 6 (noting that Shed's deposition was taken on May 26, 2023, which was at least four months after discovery commenced). Thus, I find that Shed's deposition was necessary at the time it was taken because he is the sole plaintiff in this case. This conclusion is unaltered by the fact that the deposition was not used to support one of Defendants' motions which were limited to the pleadings in this case. Additionally, Defendants attached the invoice for the deposition to their proposed bill of costs. (Doc. 148-1) at 6. Although the invoice does not list a case number, it does include the full case name and the date that the deposition was record which provides the proper identification that the invoice corresponds to this case. *Id.* Accordingly, I agree with the Magistrate Judge that Defendants should be "permitted to tax $2,013.00 in costs associated with the deposition of [Shed]." R&R at 7.

Second, Shed asserts that costs should not be awarded at this juncture because the "present case is currently pending appeal in the [Eleventh] Circuit," raising "an important

3

question of law." Obj. at 11. Shed is correct that sometimes a district court may exercise its discretion to defer ruling on requests for costs and attorney's fees pending resolution of an appeal. *See, e.g.*, *S. Owners Ins. Co. v. MAC Contractors of Fla., LLC*, No. 2:18-CV-21, 2023 WL 4107143, at *1 (M.D. Fla. June 21, 2023). But a district court is not required to do so. *See* Fed. R. Civ. P. 54(d) Advisory Committee Note to 1993 Amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

I see no reason to defer ruling on Defendants' motion for costs in this case. The issue on appeal is not novel nor is it a question of first impression before the Eleventh Circuit. Shed's appeal concerns "whether or not retaliation should be covered under the Equal Protection clause." Obj. at 11. The Eleventh Circuit previously made clear that the answer is no. *See Harris v. Monroe Cnty. Pub. Libr. Bd. of Trs.*, No. 22-11236, 2023 WL 6866602, at *6 (11th Cir. Oct. 18, 2023) ("[W]e have recognized that the Equal Protection Clause does not establish a general right to be free from retaliation for making complaints of discrimination."); *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997). Thus, I decline to defer ruling on Defendants' request for costs.

Upon review of the Report and Recommendation and Shed's objections, I adopt the Report and Recommendation. Shed's objections lack merit and are accordingly overruled.

Defendants' request to tax $2,227.34 for costs under 28 U.S.C. § 1920 is granted in part. Defendants shall recover $29.34 in costs associated with service of the subpoena and $2,013.00 in costs associated with Shed's deposition.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 167) is **ADOPTED** and made a part of this Order for all purposes.

2. Shed's Objections (Doc. 170) to the Report and Recommendation are **DENIED**.

3. Defendants' Proposed Bill of Costs (Doc. 148) is **GRANTED IN PART AND DENIED IN PART**.

4. The Clerk is directed to enter judgment in favor of Defendants and against Shed in the amount of $2,042.34 in costs.

**ORDERED** in Tampa, Florida, on January 19, 2024.

Kathryn Kimball Mizelle
United States District Judge